Cite as 2019 Ark. 399

# SUPREME COURT OF ARKANSAS

Opinion Delivered: December 12, 2019

IN RE ARKANSAS SUPREME COURT
COMMITTEE ON CIVIL PRACTICE –
RECOMMENDATIONS TO REVISE
DISCOVERY RULES

## PER CURIAM

We publish for public comment our Committee on Civil Practice's recommendations for amendments to Arkansas Rules of Civil Procedure 26–37 and 45. The amendments to these rules are set out below in "line-in, line-out fashion—new material is underlined, and deleted material is lined through.

We solicit your comments. Responses should be in writing. The deadline for responses is June 1, 2020. Please forward any comments or suggestions regarding the above-referenced rules by letter to Stacey Pectol, Clerk of the Arkansas Supreme Court and Court of Appeals, 625 Marshall Street, Suite 130, Little Rock, Arkansas 72201, or by email: rulescomments@arcourts.gov

**Rule 26. General** ~~Provisions Governing Discovery.~~**provisions governing**
**(a)** ~~Discovery Methods. Parties may obtain~~ **discovery** ~~by one or more of the following~~.


**(a)** ~~methods: depositions upon oral examination or written questions; written interrogatories;~~
~~production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise under subdivision (c) of this rule, the frequency of use of these methods is not limited.~~
~~(b)~~   **Required Disclosures.**[1]

(1)   *Initial Disclosure.*

(A)   *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i)   the name and, if known, the address and telephone number of each person likely to have discoverable knowledge[2] or information—together with the subjects of that knowledge or information and a description of the knowledge or information each person is believed to possess[3]—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii)   a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii)   the name and, if known, the address and telephone number of each person who has made a written or recorded statement and, unless the statement is privileged, protected from disclosure under subsection 26(b)(3) of this rule, or otherwise protected from disclosure, either a copy of the statement or the name and, if known, the address and telephone number of the custodian;[4]

(iv)   a computation of each category of damages, susceptible to mathematical computation, claimed by the disclosing party, making available for inspection and copying as under A.R.C.P. 34 the documents or other evidentiary material relevant to the damages sought, not privileged or protected from disclosure, including materials

bearing on the nature and extent of injuries suffered, as though a request for production of those documents had been served pursuant to A.R.C.P. 34;[5] and

**(v)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. For purposes of this paragraph, an application for insurance shall not be treated as part of an insurance agreement.[6]

**(B)** *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:[7]

**(i)** juvenile, mental health, forcible entry and detainer, domestic relations [except for disclosures required in family support matters by Section IV—Affidavit of Financial Means—of Administrative Order No. 10], and other expedited proceedings;

**(ii)** probate proceedings;

**(iii)** adoption proceedings;

**(iv)** guardianship proceedings;

**(v)** proceedings in the small claims division of district court;

**(vi)** name change proceedings;

**(vii)** prisoner litigation proceedings against the state

**(viii)** proceedings initiated by the Office of Child Support Enforcement of the Revenue Division of the Department of Finance and administration;

**(ix)** proceedings for review on an administrative record;

**(x)** forfeiture proceedings in rem arising from a statute;

**(xi)** petitions for habeas corpus or any other proceedings to challenge a criminal conviction or sentence;

**(xii)** proceedings brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

**(xiii)** proceedings to enforce or quash an administrative summons or subpoena;

**(xiv)** proceedings by a governmental entity to recover benefit payments;

**(xv)** proceedings ancillary to a proceeding in another court;

**(xvi)** proceedings to enforce an arbitration award; and

**(xvii)** special proceedings.

**(C)** *Time for Initial Disclosures—In General.* A party must make the initial disclosures within 60 days after an answer is filed. If there are multiple defendants, each shall make initial disclosures within 60 days after answering.[8]

**(D)** *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

**(2)** *Pretrial Disclosures.*

**(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

**(i)** the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;

**(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

**(iii)** an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

**(B)** *Time for Pretrial Disclosures; Objections.* Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made—except for one under Arkansas Rules of Evidence 402 or 403—is waived unless excused by the court for good cause.

**(C)** *Form of Disclosures*. Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed by an attorney or party, and served.[9]

**(b)    Discovery** **Scope** ~~of Discovery.~~ **and Limits.**[10] Unless otherwise limited by order of the court ~~in~~ accordance with

these rules, the scope of discovery is as follows:

**(1)** ~~In~~    ***Scope in* General.** Parties may obtain discovery regarding any matter, not privileged, which is relevant to the issues in the pending actions, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, identity and location of any books, documents, or other tangible things and the identity and location of persons who have knowledge of any discoverable matter or who will or may be called as a witness at the trial of any cause. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.[11]

~~evidence.~~

~~(2) Insurance agreements. A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. For purposes of this paragraph, an application for insurance shall not be treated as part of an insurance agreement.~~

~~(3) Trial preparation; materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of~~

**(2)** ***Limitations on Frequency and Extent*.** By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order, the court may also limit the number of requests under Rule 36.[12]

**(3)** ***Trial Preparation: Materials*.**

**(A)** *Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things ~~otherwise discoverable under subdivision (b)(1) of this rule and~~that are prepared in anticipation of litigation or for trial by or for another party or ~~by or for that other party's~~its representative (including ~~his~~the other party's attorney, consultant, surety, indemnitor, insurer, or agent~~) only upon a showing that the party seeking discovery~~). But, subject to Rule 26(b)(4), those materials may be discovered if:

**(i)** they are otherwise discoverable under Rule 26(b)(1); and

**(ii)** the party shows that it has substantial need ~~of~~for the materials ~~in the preparation of his~~to prepare its case and ~~that he is unable~~

cannot, without undue hardship ~~to,~~ obtain ~~the~~their substantial equivalent ~~of the materials~~ by other means.[13]

~~In ordering~~**(B)**   *Protection Against Disclosure*. If the court orders discovery of ~~such~~those materials ~~when the required showing has been made, the court shall~~, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of ~~an~~a party's attorney or other representative ~~of a party~~ concerning the litigation.[14]

~~A~~**(C)**   *Previous Statement*. Any party or other person may ~~obtain~~, on request and without ~~the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without~~ the required showing ~~a~~, obtain the person's own previous statement ~~concerning~~about the action or its subject matter ~~previously made by that person.~~. If the request is refused, the person may move for a court order. ~~The provisions of~~, and Rule 37(a)~~(4) apply~~5) applies to the award of expenses ~~incurred in relation to~~. A previous statement is either:

~~the motion. For purposes of this paragraph, a statement previously made is (A) a written statement~~

> **(i)**   a written statement that the person has signed or otherwise adopted or approved ~~by the person making it, or (B) a~~; or

> **(ii)** a contemporaneous stenographic, mechanical, electrical, or other recording, ~~—~~or a transcription ~~thereof, which is a~~ of it—that recites substantially verbatim ~~recital of an~~the person's oral statement ~~by the person making it and~~.[15]

~~contemporaneously recorded.~~
~~(4) Trial preparation: experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:~~

~~(A) (i)~~   **(4)**   *Trial Preparation: Experts.*

**(A)**   *Interrogatories to Identify Experts*. A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which he is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. ~~(ii)~~[16]

~~Subject to subdivision (b)(4)(C)~~**(B)**   *Deposition* ~~of this rule, a~~an *Expert Who May Testify*. A party may depose any person who has been identified as an expert ~~expected to testify~~whose opinions may be presented at trial.[17]

6

(B) A party may**(C)** *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses*. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony, regardless of the form of the communications, except to the extent that the communications:

**(i)** relate to compensation for the expert's study or testimony;

**(ii)** identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

**(iii)** identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.[18]

**(D)** *Expert Employed Only for Trial Preparation*. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparationto prepare for trial and who is not expected to be called as a witness at the trial,. But a party may do so only:

**(i)** as provided in Rule 35(b)); or upon a

**(ii)** on showing of exceptional circumstances under which it is impracticalimpracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.[19]

(C) **(E)** *Payment*. Unless manifest injustice would result, (i) the court shallmust require that the party seeking discovery:

discovery **(i)** pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and

subdivisions (b)(4)(A)(**(ii)** and (b)(4)(B) of this rule; and (ii) with respect to for discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred by the latter party in obtaining the expert's facts and opinions from the expert..[20]

**(5)** Inadvertent Disclosure.
(A) A party who discloses *Claiming Privilege or* produces**Protecting Trial–Preparation Materials—Materials or Information Withheld.** If a party withholds material or information without intending to waive a claim of privilege or attorney work product shall be presumed not to have waived under these rules and the Arkansas Rules of Evidence if the party takes the following steps: (i) within fourteen calendar days of discovering the inadvertent disclosure, the producing party must

~~notify the receiving party by specifically identifying~~otherwise discoverable by claiming that the material or information ~~and asserting~~is privileged or subject to protection as trial-preparation material, the court may, upon motion and for good cause shown, order the withholding party to:

~~the privilege or doctrine protecting it; and (ii) if responses to written discovery are involved, then the producing party must amend them as part of this notice.~~
~~(B) Within fourteen calendar days of receiving notice of an inadvertent disclosure, a receiving~~
~~party must return, sequester, or destroy the specified materials and all copies. After receiving this notice, the receiving party may not use or disclose the materials in any way.~~
~~(C) A receiving party may challenge a disclosing party?s claim of privilege or protection and inadvertent disclosure. The reason for such a challenge may include, but~~
~~is not limited to, the timeliness of the notice of inadvertent disclosure or whether all the surrounding circumstances show waiver.~~
~~(D) In deciding whether the privilege or protection has been waived, the circuit court shall consider all the material circumstances, including: (i) the reasonableness of the precautions taken to prevent inadvertent disclosure; (ii) the scope of the discovery; (iii) the extent of disclosure; and (iv) the interests of justice. Notwithstanding Model Rule of Professional Conduct 3.7, and without having to terminate representation in the matter, an attorney for the~~
~~disclosing party may testify about the circumstances of disclosure and the procedures in place to protect against inadvertent disclosure.~~

**(A)** prepare a log describing the nature of the documents, communications or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim; and

**(B)** describe documents withheld by: the date and type of document; the author(s), recipients(s), and general subject-matter of the document; and shall state the specific privilege claimed for withholding the information or that the information is withheld subject to a claim of trial preparation material.[21]

**(6)** ***Claiming Privilege or Protecting Trial-Preparation Materials – Material or Information Inadvertently Disclosed or Produced. Information Produced***. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.[22]

**(c)**- _Protective Orders._ ~~Upon motion by a~~

      **(1)** _In General._ A party or ~~by the~~any person from whom discovery is ~~sought, stating~~ sought may move for a protective order in the court where the action is pending. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action~~, and~~. The court may, for good cause ~~shown, the court in which the action is pending may make any,~~ issue an order ~~which justice requires~~ to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ~~(1) that the discovery not be had; (2) that the~~

      **(A)** forbidding the disclosure or discovery ~~may be had only on specified~~;

      **(B)** specifying terms ~~and conditions~~, including ~~a designation of the~~ time ~~or~~and place; ~~(3) that~~ or the allocation of expenses, or the disclosure or discovery ~~may be had only by a~~;

      **(C)** prescribing a discovery method ~~of discovery~~ other than ~~that~~ the one selected by the party seeking discovery; ~~(4) that certain matters not be inquired into, or that~~

      **(D)** forbidding inquiry into certain matters, or limiting the scope of ~~the~~disclosure or discovery ~~be limited~~ to certain matters; ~~(5) that~~

      **(E)** designating the persons who may be present while the discovery ~~be~~is conducted ~~with~~;

~~no one present except persons designated by the court; (6)~~ **(F)** requiring that a deposition ~~after being~~ be sealed ~~be~~and opened only ~~by~~on court order ~~of the court; (7)~~;

      **(G)** requiring that a trade secret or other confidential research, development, or commercial information not be ~~disclosed~~revealed or be ~~disclosed~~revealed only in a specified way; and

~~designated way; (8)~~ **(H)** requiring that the parties simultaneously file specified documents or information ~~enclosed~~ in sealed envelopes, to be opened as ~~directed by~~ the court~~.~~ directs.[23]

**(2)** _Ordering Discovery._ If ~~the~~a motion for a protective order is wholly or partly denied ~~in whole or in part~~, the court may, on ~~such~~just terms ~~and conditions as are just~~, order that any party or person provide or permit discovery. ~~The[24] provisions of~~

**(3)** _Awarding Expenses._ Rule 37(a)~~(4) apply~~5) applies to the award of expenses ~~incurred in relation to the motion.[25]~~

**(d)** **Timing and Sequence** ~~and Timing~~ **of Discovery.** Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery

may be used in any sequence and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other ~~party's~~party's discovery.[26]

**(e)** ~~Supplementation of~~ **Supplementing Disclosures and Responses**. ~~(1)~~ A party ~~is~~who has made initial disclosures as provided under Rule 26(a~~ duty seasonally to amend a prior response)~~—or who has responded to an interrogatory, request for production, or request for admission~~ if the party~~—must supplement or correct its disclosure or response:

**(1)** in a timely manner if the party learns that ~~the response is~~ in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing~~. This duty includes, but is not limited to, supplying~~; or ~~supplemental information about the identity and location of persons having knowledge of discoverable matters, the identity and location of each person expected to be called~~

**(2)** as ~~a witness at trial, and the subject matter and substance of any expert witness's testimony.(2) An additional duty to supplement responses may be imposed~~ordered by ~~order of~~ the court,[27]

~~agreement of the parties, or at any time prior to trial through new requests for supplementation of prior responses.~~

**(f)** **Contents of Trial Court Orders for Production of Discovery When Defense to Production is**

**a Privilege or the Opinion-**~~work-product~~**Work-Product Protection**. When the defense to production of discovery is any privilege recognized by Arkansas law or the opinion-work-product protection, orders pursuant to Rule of Civil Procedure 37 compelling production of discovery or denying a motion to quash production of materials pursuant to Rule 45 shall be supported by factual findings and shall address the following factors:

**(1)** the need to prevent irreparable injury;

**(2)** the likelihood that the claim of privilege or protection would be sustained on appeal;

**(3)** the likelihood that an immediate appeal would delay a scheduled trial date;

**(4)** the diligence of the parties in seeking or resisting the discovery in the circuit court;

**(5)** the circuit ~~court?s~~court's written statement of reasons supporting or opposing immediate review; and

~~and~~

**(6)** any conflict with precedent or other controlling authority as to which there is substantial ground for difference of opinion.

The Supreme Court may, in its discretion, permit an interlocutory appeal from such orders pursuant to Ark. R. App. P.–Civ. 2(f).[28]

**Rule 26.1. Electronic Discovery.[29]**

**(a) Definitions. In this rule:**

    **(1)** "Discovery" means the process of providing information in a civil proceeding in the courts of this state pursuant to the Arkansas Rules of Civil Procedure or these rules.

    **(2)** "Electronic" means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities.

    **(3)** "Electronically stored information" means information that is stored in an electronic medium and is retrievable in perceivable form.

    **(4)** "Person" means an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, public corporation, government or governmental subdivision, agency, or instrumentality, or any other legal or commercial entity.~~(b) Supplemental and optional rule. This rule is intended to supplement the Arkansas Rules of Civil Procedure, and the Arkansas Rules of Civil Procedure shall govern if there is a conflict between this supplemental rule and the Rules of Civil Procedure. The rule is optional because either the parties must agree that it will apply, or the circuit court must order that it will apply on motion for good cause shown.~~

~~(c)~~
**(b) Conference, ~~plan~~Plan, and ~~report~~Report.**

    **(1)** In any proceeding in circuit court, the parties may agree to pursue electronic discovery pursuant to this rule or the court may so order on motion for good cause shown. Any such agreement or motion shall be made within 120 days after the date that the complaint was filed. The court, however, may extend or reopen this period for good cause. Within 30 days of an agreement or order to proceed under this rule, the parties shall confer. At this conference, the parties shall discuss and plan for the following issues:

        **(A)** any issues relating to preservation of discoverable information;

        **(B)** the form in which each type of the information will be produced;

        **(C)** the period within which the information will be produced;

**(D)** the method for asserting or preserving claims of privilege or of protection of the information such as trial-preparation materials, including the manner in which such claims may be asserted after production;

**(E)** the method for asserting or preserving confidentiality and proprietary status of information relating to a party or a person not a party to the proceeding;

**(F)** whether allocation among the parties of the expense of production is appropriate; and,

**(G)** any other issue relating to the discovery of electronically stored information.

**(2)** Following the planning conference, the parties shall:

**(A)** develop a proposed plan relating to discovery of the information; and

**(B)** not later than 14 days after the conference under subdivision (c̶b)(1), submit to the court a written report that summarizes the plan and states the position of each party as to any issue about which they are unable to agree.

(d̶)
**(c) Order** ~~governing discovery~~**Governing Discovery.**

**(1)** In a civil proceeding, the court may issue an order governing the discovery of electronically stored information pursuant to:

**(A)** a motion by a party seeking discovery of the information or by a party or person from which discovery of the information is sought;

**(B)** a stipulation of the parties and of any person not a party from which discovery of the information is sought, or

**(C)** the court's own motion, after reasonable notice to, and an opportunity to be heard from, the parties and any person not a party from which discovery of the information is sought.

**(2)** An order governing discovery of electronically stored information may address:

**(A)** whether discovery of information is reasonably likely to be sought in the proceedings;

**(B)** preservation of the information;

**(C)** the form in which each type of the information is to be produced;

**(D)** the time within which the information is to be produced;

**(E)** the permissible scope of discovery of the information;

**(F)** the method for asserting or preserving claims of privilege or of protection of the information as trial–preparation material after production;

**(G)** the method for asserting or preserving confidentiality and the proprietary status of information relating to a party or a person not a party to the proceeding;

**(H)** allocation of the expense of production; and

**(I)** any other issue relating to the discovery of the information.

(e)

**(d)  Limitation on** ~~sanctions~~**Sanctions.** Absent exceptional circumstances, the court may not impose sanctions on a party under these rules for failure to provide electronically stored information lost as the result of the routine, good–faith operation of an electronic information system.

(f)

**(e)  Request for** ~~production~~**Production.**

**(1)** In a civil proceeding, a party may serve on any other party a request for production of electronically stored information and for permission to inspect, copy, test or sample the information.

**(2)** A party on which a request to produce electronically stored information has been served shall, in a timely manner, serve a response on the requesting party. The response must state, with respect to each item or category in the request:

**(A)** that inspection, copying, testing, or sampling of the information will be permitted as requested; or

**(B)** any objection to the request and the reasons for the objection.

(g)

**(f)  Form of** ~~production~~**Production.** Unless the parties otherwise agree or the court otherwise orders:

**(1)** the responding party shall produce the information in a form in which it is ordinarily maintained or in a form that is reasonably useful;

**(2)** if necessary, the responding party shall also produce any specialized software, material, or information not ordinarily available so that the requesting party can access and use the information in its ordinarily maintained form; and

**(3)**  a party need not produce the same electronically stored information in more than one form.

~~(h)~~

**(g)    Limitations on ~~discovery~~Discovery.**

**(1)**  A party may object to discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or expense. In its objection the party shall identify the reason for such undue burden or expense.

**(2)**  On motion to compel discovery or for a protective order relating to the discovery of electronically stored information, a party objecting bears the burden of showing that the information is from a source that is not reasonably accessible because of undue burden or expense.

**(3)**  The court may order discovery of electronically stored information that is from a source that is not reasonably accessible because of undue burden or expense if the party requesting discovery shows that the likely benefit of the proposed discovery outweighs the likely burden or expense, taking into account the amount in controversy, the resources of the parties, the importance of the issues, and the importance of the requested discovery in resolving the issues.

**(4)**  If the court orders discovery of electronically stored information under subdivision (h)(3) it may set conditions for discovery of the information, including allocation of the expense of discovery.

**(5)**  The court shall limit the frequency or extent of discovery of electronically stored information, even from a source that is reasonably accessible, if the court determines that:

**(A)** it is possible to obtain the information from some other source that is more convenient, less burdensome, or less expensive;

**(B)** the discovery sought is unreasonably cumulative or duplicative;

**(C)** the party seeking discovery has had ample opportunity by discovery in the proceeding to obtain the information sought; or

**(D)** the likely burden or expense of the proposed discovery outweighs the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues, and the importance of the requested discovery in resolving the issues.

~~(i)~~

14

**(h) Claim of** ~~privilege~~**Privilege or** ~~protection~~**Protection after** ~~production~~**Production.** A claim of privilege or protection after production of electronic data under these supplemental rules shall be governed by Rule of Civil Procedure (26)(b)(5) unless the application of that rule is modified by agreement of the parties or by order of the court.

~~(j)~~

**(i)    Subpoena for** ~~production~~**Production.**

**(1)**- A subpoena in a civil proceeding may require that electronically stored information be produced and that the party serving the subpoena or person acting on the party's request be permitted to inspect, copy, test, or sample the information.

**(2)**- Subject to subsections (~~j~~i)(3) and (~~j~~i)(4), subdivisions (f), (g), ~~(h),~~ and (~~i~~h) apply to a person responding to a subpoena under subsection (~~j~~i)(1) as if that person were a party.

**(3)**- A party serving a subpoena requiring production of electronically stored information shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.

**(4)**- An order of the court requiring compliance with a subpoena issued under this rule must provide protection to a person that is neither a party nor a party's officer from undue burden or expense resulting from compliance.

**Rule 27. Depositions to Perpetuate Testimony**

**(a)    *Before an Action* ~~Or Pending Appeal~~*Is Filed*.**

~~(a) Before Action.~~    **(1)-    *Petition.*** A person who ~~desires~~wants to perpetuate ~~his own~~ testimony ~~or that of another person regarding~~about any matter ~~that may be~~ cognizable in ~~any~~a court of this state may file a verified petition in the circuit court in the county ~~of the residence of~~where any expected adverse party resides. The petition ~~shall be entitled in the name of the petitioner and shall show: (1)~~ must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

**(A)** that the petitioner expects to be a party to an action cognizable in a court ~~in~~of this state but ~~is~~cannot presently ~~unable to~~ bring it or cause it to be brought; ~~(2)~~

15

**(B)** the subject matter of the expected action and ~~his~~the petitioner's interest ~~therein; (3)~~ ;

**(C)** the facts ~~which he desires~~that the petitioner wants to establish by the proposed testimony and ~~his~~the reasons ~~for desiring~~ to perpetuate it; ~~(4)~~

**(D)** the names or a description of the persons ~~he~~whom the petitioner expects ~~will~~to be adverse parties and their addresses, so far as known; and ~~(5)~~

**(E)** the ~~names~~name, address, and ~~addresses of the persons to be examined and the~~ expected substance of the testimony ~~which he expects to elicit from~~ of each~~, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.(2)~~ deponent.[30]

**(2)** *Notice and Service*. ~~The petitioner shall thereafter serve a notice upon each person named in the petition as an adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition.~~ At least ~~20~~21 days before the ~~date of~~ hearing~~, the~~ date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. The notice ~~shall~~may be served either ~~within~~inside or ~~without~~outside the state in the manner provided in Rule 4 ~~for~~. If that service ~~of summons; but if such service~~ cannot be made with ~~due~~reasonable diligence ~~be made upon any~~on an expected adverse party ~~named in the petition~~, the court may ~~make such~~order ~~as is just for~~ service by publication or otherwise~~, and shall~~. The court must appoint~~, for~~ an attorney to represent persons not served in the manner provided in ~~Rule 4, an attorney who shall represent them, and, in case they are not otherwise represented, shall~~ Rule 4 and to cross-examine the deponent~~.~~ if an unserved person is not otherwise represented. If any expected adverse party is a minor or is incompetent, ~~the provisions of~~ Rule 17(b) ~~apply.~~ applies.[31]

**(3)** *Order and Examination.* If ~~the court is~~ satisfied that ~~the perpetuation of~~perpetuating the testimony may prevent a failure or delay of justice, ~~it shall make~~the court must issue an order ~~designating~~that designates or ~~describing~~describes the persons whose depositions may be taken ~~and specifying~~, specifies the subject matter of the ~~examination~~examinations, and states whether the ~~deposition shall~~depositions will be taken ~~upon oral examination~~orally or by written interrogatories. The depositions may then be taken ~~in accordance with~~under these rules, and the court may ~~make~~issue orders ~~of the character provided for~~like those authorized by Rules 34 and 35. ~~For the purpose of applying~~A reference in these rules to ~~depositions for perpetuating testimony, each reference therein to~~the court ~~in which the~~where an action is pending ~~shall be deemed to refer to~~means, for purposes of this rule, the court ~~in which~~where the petition for ~~such~~the deposition was filed.[32]

**(4)** ~~Use of~~ *Using the Deposition.* If a deposition to perpetuate testimony is taken under these rules or if~~, although not so taken, it~~ the deposition would otherwise be admissible in the courts of this state, it may be used in any action involving the same subject matter subsequently brought in a circuit court of this state in accordance with ~~the provisions of~~ Rule 32(a).[33]

**(b)** *Pending Appeal.* ~~If~~

**(1)** *In General.* The court where a judgment has been rendered may, if an appeal has been taken ~~from a judgment of a circuit court or before the taking of an appeal if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the depositions of~~or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in ~~the~~that court. ~~In such case the~~

**(2)** *Motion.* The party who ~~desires~~wants to perpetuate ~~the~~ testimony may ~~make a motion in the circuit court~~move for leave to take the depositions, ~~upon~~on the same notice and service ~~thereof~~ as if the ~~same~~action were pending in that court.

The motion ~~shall~~must show ~~(1)~~:

**(A)** the ~~names~~name, address, and ~~addresses of persons to be examined and the~~expected substance of the testimony ~~which he expects to elicit from each; (2)~~ of each deponent; and

**(B)** the reasons for perpetuating ~~their~~the testimony.

**(3)** *Court Order.* If the court finds that ~~the perpetuation of~~perpetuating the testimony ~~is proper to avoid~~may prevent a failure or delay of justice, ~~it~~the court may ~~make an order allowing~~permit the depositions to be taken and may ~~make~~issue orders ~~of the character provided for by Rule~~ like those authorized by Rules 34 and 35~~, and thereupon the~~. The depositions may be taken and used ~~in the same manner and under the same conditions as are prescribed these rules for depositions taken in actions~~ as any other deposition taken in a pending ~~in the~~ circuit court~~.~~ action.[34]

**(c)** *Perpetuation by an Action.* This rule does not limit ~~the~~a court's power ~~of a court~~ to entertain an action to perpetuate testimony.[35]

**Rule 28. Persons Before Whom Depositions May Be Taken.**

**(a)- Within** this State and Elsewhere in **the United States.**

**(1)** *In General.* Within ~~this state and elsewhere in~~ the United States or ~~within~~ a territory or insular possession subject to ~~the dominion of the~~ United States, ~~depositions shall~~ jurisdiction, a deposition must be taken before ~~:~~

**(A)** an officer authorized to administer oaths either by the ~~laws~~law of this ~~State~~state, federal law or ~~of~~by the law in the place ~~where the~~of examination ~~is held,~~; or ~~before~~

**(B)** a person appointed by the court ~~in which~~where the action is pending. ~~A person so appointed has power~~ to administer oaths and take testimony.[36]

**(2)** *Letter Rogatory, Commission.* Circuit courts are authorized to issue letters rogatory, commissions, e.g., for use in other states when required.

**(3)** *Definition of "Officer."* The term "officer" in Rules 30, 31, and 32 includes a person appointed by the court under this rule or designated by the parties under Rule 29(a).[37]

**(b)- In a Foreign** States or Countries. In a **Country.**

**(1)** *In General.* A deposition may be taken in a foreign ~~state or~~country, ~~depositions may be taken (1)~~ :

**(A)** under an applicable treaty or convention;

**(B)** under a letter of request, whether or not captioned a "letter rogatory";

**(C)** on notice, before a person authorized to administer oaths either by federal law or by the law in the place ~~where the~~of examination ~~is held, either by the law thereof or by the law of the United States, or (2)~~ ; or

**(D)** before a person commissioned by the court, ~~and a person so commissioned shall have the power by virtue of his commission~~ to administer any necessary oath and take testimony, ~~or (3) pursuant to any applicable treaty or convention~~.[38]

**(2)** *Issuing a Letter of Request or a Commission.* A letter of request, a commission, or ~~pursuant to a letter of request, whether or not captioned a letter rogatory. A commission or a letter of request shall be issued~~ both may be issued:[39]

**(A)** on appropriate terms after an application and notice of it;[40] and ~~on terms~~

**(B)** without a showing that ~~are just and appropriate. It is not requisite to the issuance of a commission or a letter of request that the~~ taking ~~of~~ the deposition in ~~any other~~another manner is ~~impractical~~impracticable or inconvenient~~, and both a commission and a letter of request may be issued in proper cases. A~~.[41]

**(3)** *Form of a Request, Notice, or Commission.* When a letter of request or any other device is used according to a treaty or convention, it must be captioned in the form prescribed by that treaty or convention.[42] A letter of request may be addressed "To the Appropriate Authority in [name of country]."[43] A deposition notice or a commission ~~may~~must designate by name or descriptive title the person before whom the deposition is to be taken~~either by name or descriptive title. A letter of request may be addressed "To The Appropriate Authority in (name~~.[44]

**(4)** *Letter* ~~of the country)." When a letter of request or any other device is used pursuant to any applicable treaty or convention, it shall be captioned in the form prescribed by that treaty or convention.~~*Request—Admitting Evidence.* Evidence obtained in response to a letter of request need not be excluded merely because it is not a verbatim transcript, because the testimony was not taken under oath, or because of any similar departure from the requirements for depositions taken within the United States under these rules.[45]

**(c)** ~~For~~ **Depositions and Production of Documents and Things for Use in Foreign Countries.**[46]

**(1)** *In General.* A party desiring to take a deposition or have a document or other thing produced for examination ~~in this state,~~for use in a judicial proceeding in a foreign country~~;~~ may ~~produce to a judge of~~file in a circuit court a letter rogatory or other request by a foreign or international tribunal authorizing the taking of the deposition or production of the document or thing.[47]

**(2)** *Where Filed.* The letter rogatory or other request by a foreign or international tribunal must be filed in the circuit court in the county where the witness or person in possession of the document or thing to be examined resides or may be found~~,~~.[48]

**(3)** *Service of Notice of Filing.* Notice of filing the letter rogatory~~, appropriately authenticated, authorizing the taking of such~~ or other request by a foreign or international tribunal must be served on the person whose deposition is to be taken or ~~production~~who is in possession of ~~such~~the document or other thing ~~on notice duly served; whereupon it shall~~to be produced for examination.[49]

**(4)** *Judge to Issue Subpoena to Attend; Contempt.* Upon the ~~duty~~filing of the ~~court to~~letter rogatory or other request by a foreign or international tribunal the circuit judge <u>must</u> issue a subpoena requiring the witness to attend at a specified time and place for examination. ~~In case of failure of the~~ <u>If a</u> witness <u>fails</u> to attend or ~~refusal~~<u>refuses</u> to be sworn or to testify or to produce the document or thing requested, the court may find the witness in contempt.~~(d) Disqualification for Interest. No deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attorney or counsel, or is financially interested in the action.~~[50]

**(d)** **Disqualification**. <u>A deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action.</u>[51]

**Rule 29. Stipulations Regarding Discovery Procedures.**

Unless the court orders otherwise, the parties may by ~~written~~ stipulation ~~(1)~~ <u>:</u>

(a) provide that depositions may be taken before any person, at any time or place, upon any notice and in any manner and when so taken may be used like any other depositions; and ~~(2) modify the procedures provided by these rules for other methods of discovery.~~

(b) <u>modify the procedures provided by these rules for other methods of discovery.</u>[52]

**Rule 30. Depositions ~~Upon~~by Oral Examination**.

**(a)- When ~~Depositions~~a Deposition May Be Taken.** ~~After commencement of the action, any~~

  **(1)** *Without Leave.* A party may ~~take the testimony of~~, by oral questions, depose any person, including a party, ~~by deposition upon oral examination. Leave of court,~~ ~~granted with or~~ without ~~notice,~~ leave of court except as provided in Rule 30(a)(2).[53]

  **(2)** *With Leave.*

    **(A)** *In General.* Leave of court must be obtained ~~only~~ if the plaintiff seeks to take a deposition prior to the expiration of ~~30~~45 days after service of the summons and complaint upon any defendant or if service is made under Rule 4(e~~), except that leave~~ ).[54]

    **(B)** *Deposition of person confined in prison.* The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.[55]

    **(C)** *Exceptions.* Leave is not required ~~(1)~~ if:

      **(i)** a defendant has served a notice of taking a deposition or otherwise sought discovery~~, or (2) if special~~ :[56]

      **(ii)** the notice of deposition provided in Rule 30(b) states that the person to be deposed is about to go out of this state, or is about to go out of the United States, and will be unavailable for examination unless the deposition is taken before expiration of the 45 day period, and the notice ~~is given as provided in subdivision (b)(2) of this rule. The~~ sets forth facts to support the statement.[57]

  **(3)** *Subpoena to Compel Attendance.* The deponent's attendance ~~of a witness~~ may be compelled by subpoena ~~as provided in~~ under Rule 45~~, but a~~. A subpoena is not necessary if the ~~witness~~ deponent is a party or a person designated under subdivision (b)(6) of this rule to testify on behalf of a party. ~~The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.~~[58]

**(b)- Notice of ~~Examination; General~~ the Deposition; Other Formal Requirements; ~~Special~~ .**

**(1)** *Notice*; Method of Recording; Production of Documents and Things; Deposition of Organization. (1) ***In General.*** A party ~~desiring~~who wants to ~~take the deposition of any~~depose a person ~~upon~~by oral ~~examination shall~~ questions must give reasonable written notice ~~in writing~~ to every other party ~~to the action.~~. The notice ~~shall~~must state the time and place ~~for taking~~of the deposition and, if known, the deponent's name and address~~of each person to be examined, if known, and if~~. If the name is ~~not known,~~unknown, the notice must provide a general description sufficient to identify ~~him~~the person or the particular class or group to which ~~he~~the person belongs.[59]

**(2)** ***Producing Documents.*** If a subpoena~~-~~ duces~~-~~ tecum~~-~~ is to be served on the ~~person to be examined~~deponent, the ~~designation of the~~ materials ~~to be produced~~designated for production, as set ~~forth~~out in the subpoena~~shall~~, must be ~~attached to or included~~listed in the notice.~~(2) Leave of court is not required for the taking of a deposition by plaintiff~~ or in an attachment.[60] The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition. The procedure of Rule 34 shall apply to the request. The court may on motion, with or without notice, allow a shorter or longer time.~~subdivision (a) if~~[61]

**(3)** ***Method of Recording.***

**(A)** *Method Stated in* the ~~notice (A) states that~~*Notice.* The party who notices the ~~person to be examined is about to go out of this state, or is about to go out of the United States, and will be unavailable for examination unless his~~ deposition ~~is taken before expiration of the 30 day period, and (B) sets forth facts to support the statement. The plaintiff's attorney shall sign the notice and his signature constitutes a certification by him that to the best of his knowledge, information and belief, the statement and supporting facts are true. The sanctions provided by Rule 11 are applicable to the certification. (3) The party taking the deposition shall~~must state in the notice the method ~~by which~~for recording the testimony~~shall be recorded~~. Unless the court orders otherwise, ~~it~~testimony may be recorded by ~~sound, sound-and-visual~~audio, audiovisual, or stenographic means~~, and the~~. The noticing party ~~taking the deposition shall bear the cost of~~bears the recording costs. Any party may arrange ~~for a transcription~~ to ~~be made from the recording of~~transcribe a deposition~~taken by nonstenographic means~~.[62]

**(B)** *Additional Method.* With prior notice to the deponent and other parties, any party may designate another method ~~to record~~for recording the ~~deponent's~~ testimony in addition to ~~the method~~that specified ~~by~~in the ~~person taking~~original notice. That party bears the ~~deposition. The~~expense of the

additional record or transcript ~~shall be made at that party's expense~~ unless the court orders otherwise ~~orders.~~.[63]

**(4)** ~~Unless otherwise agreed by the~~ ***By Remote Means.*** The parties, ~~~~ may stipulate—or the court may on motion order—that a deposition ~~shall~~be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.[64]

**(5)** ***Officer's Duties.***

**(A)** *Before the Deposition.* Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28 ~~and shall~~. The officer must begin the deposition with ~~a~~ an on-the-record statement ~~on the record by the officer~~ that includes:

~~(A)~~

    **(i)** the ~~officer's~~officer's name and business address; ~~(B)~~

    **(ii)** the date, time, and place of the deposition; ~~(C)~~

    **(iii)** the deponent's name ~~of~~;

    **(iv)** the ~~deponent;(D) the~~officer's administration of the oath or affirmation to the deponent; and ~~(E) an identification~~

    **(v)** the identity of all persons present.[65]

**(B)** *Conducting the Deposition; Avoiding Distortion.* If the deposition is recorded ~~other than~~ non-stenographically, the officer ~~shall~~must repeat the items ~~(A) through (C~~in Rule 30(b)(5)(A)(i)–(iii) at the beginning of each unit of ~~recorded tape or other~~the recording medium.

The deponent's and attorneys' appearance or demeanor ~~of deponents or attorneys shall~~must not be distorted through ~~camera or sound~~recording techniques.[66]

**(C)** *After the Deposition.* At the end of ~~the~~a deposition, the officer ~~shall~~must state on the record that the deposition is complete and ~~shall~~must set ~~forth~~out any stipulations made by ~~counsel concerning~~ the attorneys about custody of the transcript or recording and of the exhibits, or ~~concerning~~about any other pertinent matters. ~~(5) The notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The~~

procedure of Rule 34 shall apply to the request. The court may on motion, with or without notice, allow a shorter or longer time.[67]

**(6)** *Notice or Subpoena Directed to an Organization.* (6) A party may in his In its notice and in the or subpoena, a party may name as the deponent a public or private corporation or, a partnership or, an association or, a governmental agency, or other entity and must describe with reasonable particularity the matters on which for examination is requested. In that event, the. The named organization so named shall must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set forth, for each person designated, out the matters on which he each person designated will testify. A subpoena shall must advise a non-party nonparty organization of its duty to make such a this designation. The persons so designated shall must testify as to matters about information known or reasonably available to the organization. This subdivision (b)(paragraph (6) does not preclude taking a deposition by any other procedure authorized allowed by these rules.(7) The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means. For purposes of these rules, a deposition by such means is taken at the place where the deponent is to answer questions.[68]

**(c)** **Examination and Cross-Examination; Record of the Examination; Objections; Written Questions.**

**(1)** *Examination; Oath; Objections.* *and Cross-Examination.* The examination and cross-examination of witnesses may a deponent proceed as permitted they would at the trial under the provisions of the Arkansas Rules of Evidence, except Rule 103. The officer before whom the deposition is to be taken shall put the witness on After putting the deponent under oath or affirmation and shall, the officer must record the testimony by the method designated under Rule 30(b)(3)(A). The testimony must be recorded by the officer personally, or by someone a person acting in the presence and under his the direction and in his presence, record the testimony of the witness. The testimony shall be taken stenographically or recorded by any other method authorized by subdivision (b)(3) of this rule. All objections made of the officer.[69]

**(2)** *Objections.* An objection at the time of the examination to the—whether to evidence, to a party's conduct, to the officer's qualifications of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party the deposition, or to any other aspect of the proceedings, shall deposition—must be noted by the officer upon on the record of the deposition; but the examination shall proceed, with still proceeds; the testimony being is taken subject to the objections. In lieu any objection.[70] An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person

24

may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).[71]

**(3)** ***Participating Through Written Questions.*** Instead of participating in the oral examination, ~~parties~~a party may serve written questions in a sealed envelope on ~~either~~ the party taking the deposition ~~in which event he~~, who shall ~~(1)~~ transmit ~~such~~the questions to ~~the office, or (2) directly upon~~ the officer, ~~who shall propound them to the witness~~or on the officer. The officer must ask the deponent those questions and record the answers verbatim.[72]

**(d)** ~~Schedule and~~ **Duration; Sanction; Motion to Terminate or Limit Examination.**
~~1) Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under paragraph (4).(2)~~

**(1)** ***Duration.*** Unless otherwise stipulated or ordered by the court, a deposition is limited to seven hours. The court may by order limit the time permitted for the conduct of a deposition, but must allow additional time if needed ~~for a fair examination of~~to fairly examine the deponent or if the deponent ~~or~~, another person, or any other circumstance impedes or delays the examination.~~(3) If the~~[73]

**(2)** ***Sanction.*** The court ~~finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it~~ may impose ~~upon the persons responsible~~an appropriate sanction ~~,~~—including the reasonable ~~costs~~expenses and ~~attorneys'~~attorney's fees incurred by any ~~parties as~~party—on a ~~result thereof.(4)~~person who impedes, delays, or frustrates the fair examination of the deponent.[74]

**(3)** ***Motion to Terminate or Limit.***

**(A)** *Grounds.* At any time during a deposition, ~~on motion of a party or of~~the deponent ~~and upon a showing~~or a party may move to terminate or limit it on the ground that ~~the examination~~it is being conducted in bad faith or in ~~such~~a manner ~~as~~that unreasonably ~~to annoy, embarrass~~annoys, embarrasses, or ~~oppress~~oppresses the deponent or party~~, the court~~. The motion may be filed in ~~which~~the court where the action is pending ~~may order~~. If the ~~officer conducting the examination to cease forthwith from taking~~objecting deponent or party so demands, the deposition~~,~~ must be suspended for the time necessary to obtain an order.[75]

**(B)** *Order.* The court may order that the deposition be terminated or may limit ~~the~~its scope and manner ~~of the taking of the deposition~~ as provided in Rule

26(c). If <u>terminated,</u> the ~~order made terminates the examination,~~ ~~it~~<u>deposition</u> may be resumed ~~thereafter~~ only ~~upon the~~<u>by</u> order of the court ~~in which~~<u>where</u> the action is pending. ~~Upon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply~~[76]

**(C)** *Award of Expenses.* <u>Rule 37(a)(4) applies</u> to the award of expenses ~~incurred in relation to the motion.~~.[77]

**(e)** ~~-~~ **Review by <u>the</u> Witness; Changes**; ~~Signing. If requested~~<u>.</u>

**(1)** *Review; Statement of Changes.* <u>On request</u> by the deponent or a party before ~~completion of~~ the deposition <u>is completed</u>, the deponent ~~shall have~~<u>must be allowed</u> 30 days after being notified by the officer that the transcript or recording is available in which ~~-~~<u>:</u>

**(A)** <u>to review the transcript or recording;</u>[78] and<u>,</u>

**(B)** <u>if</u> there are changes in form or substance, to sign a statement ~~reciting such~~<u>listing the</u> changes and the reasons ~~given by the deponent~~ for making them.[79]

**(2)** *Changes Indicated in the Officer's Certificate.* The officer ~~shall indicate~~<u>must note</u> in the certificate prescribed by ~~subdivision~~ <u>Rule 30(f)(</u>~~1~~<u>1)</u> whether ~~any~~<u>a</u> review was requested and, if so, ~~shall append~~<u>must attach</u> any changes ~~made by~~ the deponent <u>makes</u> during the <u>30-day</u> period ~~allowed.~~<u>.</u>[80]

**(f)** ~~-~~ **Certification** ~~by Officer~~**; Exhibits; Copies**; ~~Notice of~~ **<u>of the Transcript or Recording</u>; Filing.**

**(1)** *Certification.* The officer ~~shall~~<u>must</u> certify <u>in writing</u> that the witness was duly sworn ~~by him~~ and that the deposition ~~is a true record of~~<u>accurately records</u> the <u>witness's</u> testimony ~~given by the witness. This~~<u>. The</u> certificate ~~shall be in writing and~~<u>must</u> accompany the record of the deposition. ~~The officer shall place the deposition in an envelope or package indorsed with the title of the action and marked 'Deposition of (name of witness)' and, if ordered by the court in which the action is pending pursuant to Rule 5(c), promptly file it with the clerk of that court. Otherwise, the officer shall send it to the attorney who arranged for the transcript or recording, who shall store it under conditions that will protect it against loss, destruction, tampering, or deterioration.~~[81]

**(2)** *Documents and <u>Tangible Things.</u>*

**(A)** *Originals and Copies.* Documents and tangible things produced for inspection during ~~the examination of the witness shall, upon the~~a deposition must, on a party's request ~~of a party~~, be marked for identification and ~~annexed~~attached to ~~and returned with~~ the deposition~~, and may be inspected and copied by any~~. Any party~~, except that (A)~~ may inspect and copy them. If the person ~~producing~~who produced them wants to keep the ~~materials~~originals, the person may~~-~~:

  **(i)** substitute copies to be marked ~~for identification, if he affords to~~, attached to the deposition, and then used as originals—after giving all parties ~~a~~ fair opportunity to verify the copies by ~~comparison~~comparing them with the originals~~, and (B) if the person producing the materials requests their return, the officer shall mark them, ;~~[82] or

  **(ii)** give ~~each party an~~all parties a fair opportunity to inspect and copy ~~them, and return them to the person producing them and the materials~~the originals after they are marked—in which event the originals may ~~then~~ be used ~~in the same manner~~ as if ~~annexed~~attached to ~~and returned with~~ the deposition.[83]

**(B)** *Order Regarding the Originals.* Any party may move for an order that the ~~original~~originals be ~~annexed~~attached to the deposition ~~if it is to be used at trial. (2)~~pending final disposition of the case.[84]

**(3)** *Retention of Stenographic Notes; Copies of Transcript or Recording.*

  **(A)** *Retention of Stenographic Notes.* Unless otherwise ordered by the court or agreed by the parties, the officer shall retain, for the period established for transcripts of court proceedings in the retention schedule for ~~official~~freelance court reporters, stenographic notes of any deposition ~~taken~~stenographically taken stenographically or a copy of the recording of any deposition taken by another method. ~~Upon payment~~[85]

  **(B)** *Copies of Transcript or Recording.* When paid reasonable charges ~~therefor~~, the officer ~~shall~~must furnish a copy of the transcript or other recording of the deposition to any party or ~~to~~ the deponent; provided that it shall be the duty of the party ~~causing~~taking the deposition ~~to be taken~~ to furnish one copy of the transcript, or if the deposition was recorded solely by sound or sound-and-visual as provided for in Rule 30(b)(3), a copy of the recording, to any opposing party, or in the event there is more than one opposing party, a copy may be filed with the clerk for the use of all opposing parties~~, and the~~. The party filing the deposition shall give prompt notice of its filing to all other parties.[86]

**(g)**~~-~~    **Failure to Attend a Deposition or ~~to~~ Serve a Subpoena; Expenses.**

~~(1) If the~~ A party ~~giving the notice of the taking of~~who, expecting a deposition ~~fails to attend and proceed therewith and another party~~ to be taken, attends in person or by an attorney ~~pursuant to the notice, the court~~ may ~~order the party giving the notice to pay such other party the~~recover reasonable expenses ~~incurred by him and his attorney in~~for attending, including ~~reasonable attorney's~~attorney's fees~~. (2) If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon him and the witness because of such failure does not attend, and if another party attends in person or by an attorney because he expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by him and his attorney in attending, including reasonable attorney's fees.~~, if the noticing party failed to:

    **(1)**   attend and proceed with the deposition; or

    **(2)**   serve a subpoena on a nonparty deponent, who consequently did not attend.[87]

**Rule 31. Depositions ~~Upon~~by Written Questions.**

**(a)**~~Serving Questions; Notice.~~    **When a Deposition May Be Taken.**

    **(1)**~~Any~~   ***Without Leave.*** A party may ~~take the testimony of~~, by written questions, depose any person, including a party, ~~by deposition upon written questions~~ without leave of court except as provided in ~~paragraph (2). The attendance of witnesses may be compelled by the use of subpoena as provided in~~ Rule 45. ~~The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.~~31(a)(2).[88]

    **(2)**~~A party~~   ***With Leave.***

       **(A)** *Deposition Prior to Expiration of 45 Days After Service of Summons and Complaint.* Leave of court must ~~obtain leave of court~~be obtained if the ~~person to be examined is confined in prison or if, without the written stipulation of the parties, a~~plaintiff seeks to take a deposition by written questions prior to the expiration of ~~30~~45 days after service of the summons and complaint upon any defendant or if service is made under Rule 4(e)~~, except that leave~~).[89]

28

**(B)** *Deposition of Person Confined in Prison*. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.[90]

**(C)** *Exceptions*. Leave is not required if~~-~~:

**(i)** a defendant has served a notice of taking a deposition or otherwise sought discovery~~, or if special~~;[91]

**(ii)** the notice ~~is given as~~of deposition provided in Rule 30(b~~)(2).(3) A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (A) the name and address~~) states that the person to be deposed is about to go out of ~~the person who ~~this state, or is about to ~~answer them, if known~~go out of the United States, and ~~if the name is not known,~~will be unavailable for examination unless the deposition is taken before expiration of the 45 day period, and the notice sets forth facts to support the statement.[92]

**(3)** *Service; Required Notice.* A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify ~~him~~the person or the particular class or group to which ~~he~~the person belongs~~, and (B)~~. The notice must also state the name or descriptive title and the address of the officer before whom the deposition ~~is to be taken. A deposition upon written questions may~~will be taken ~~of a~~.[93]

**(4)** *Questions Directed to an Organization.* A public or private corporation ~~or~~, a partnership ~~or~~, an association, or a governmental agency may be deposed by written questions in accordance with ~~the provisions of ~~Rule 30(b)(6).~~(4) Within 14 days after the notice and written questions are served, a party may serve cross~~[94]

**(5)** *Questions from Other Parties.* Any questions ~~upon all ~~to the deponent from other parties~~. Within~~ must be served on all parties as follows: cross-questions, within 14 days after being served with the notice and direct questions; redirect questions, within 7 days after being served with cross-~~-~~questions~~, a party may serve redirect~~; and recross-~~-~~questions~~ upon all other parties. Within~~, within 7 days after being served with redirect questions~~, a party may serve recross questions upon all other parties.~~. The court may, for good cause ~~shown enlarge~~, extend or shorten ~~the time.~~these times.[95]

29

**(b)** **Delivery to the** **Officer** ~~to Take Responses and Prepare Record. A copy of the notice and copies of all questions served shall be delivered by the~~**; Officer's Duties.** The party ~~taking~~who noticed the deposition must deliver to the officer ~~designated in~~a copy of all the questions served and of the notice~~, who shall~~. The officer must promptly proceed ~~promptly,~~in the manner provided ~~by~~in Rule 30(c), (e~~)~~), and (f) to ~~:~~

   **(1)** take the deponent's testimony ~~of the witness~~in response to the questions ~~and to~~ ~~:~~

   **(2)** prepare~~,~~ and certify ~~and file or mail~~the deposition; and

   **(3)** send it to the party, attaching ~~thereto~~a copy of the ~~copy~~ questions and of the notice ~~and the questions received by him.~~.[96]

**(c)** ~~Copies;~~ **Notice of** **Completion or Filing.** ~~The party causing~~

   **(1)** *Completion.* The party who noticed the deposition must notify all other parties when it is completed.[97]

   **(2)** *Filing.* A party who files the deposition ~~to be taken shall furnish one copy~~must promptly notify all other parties of the ~~deposition to any opposing party, or if there is more than one opposing party, a copy may be filed with the clerk for the use of all opposing parties, and the party~~ filing ~~the deposition shall give prompt notice of its filing to all other parties.~~.[98]

**Rule 32.** ~~Use Of~~Using Depositions ~~In~~in Court Proceedings.

**(a)** ~~Use of~~**Using Depositions.**

   **(1)** *In General.* At ~~the trial or upon the~~ a hearing ~~of a motion~~ or trial, all or ~~an interlocutory proceeding, any~~part ~~or all~~of a deposition, ~~so far as admissible under the rules of evidence applied as though the witness were then present and testifying,~~ may be used against ~~any~~a party ~~who~~on these conditions:

      **(A)** the party was present or represented at the taking of the deposition or ~~who~~ had reasonable notice ~~thereof, in accordance with any~~ of it;

      **(B)** it is used to the ~~following provisions:(1)~~extent it would be admissible under the Arkansas Rules of Evidence if the deponent were present and testifying;[99] and

**(2)** ***Impeachment and Other Uses.*** Any party may use a deposition ~~may be used by any party for the purpose of contradicting or impeaching~~to contradict or impeach the testimony ~~of~~given by the deponent as a witness~~,~~ or for any other purpose ~~permitted~~allowed by the Arkansas Rules of Evidence.~~(2) The~~[100]

**(3)** ***Deposition of Party, Agent, or Designee.*** An adverse party may use for any purpose the deposition of a party or ~~of~~anyone who, ~~at the time of taking the deposition~~when deposed, was ~~an~~the party's officer, director, ~~or~~managing agent, or ~~a person designated~~designee under Rule 30(b)(6) or 31(a)~~to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a)(4).~~[101]

**(4)** ***Unavailable Witness.*** A party~~,~~ may ~~be used by an adverse party~~use for any purpose.~~(3) The~~ the deposition of a witness, whether or not a party, ~~may be used by any party for any purpose~~if the court finds:

**(A)**~~-~~ that the witness is dead;~~ or~~[102]

**(B)**~~-~~ that the witness is ~~at a greater distance~~more than 100 miles from the place of hearing or trial or ~~hearing, or~~ is ~~out of this state~~outside the United States, unless it appears that the witness's absence ~~of a witness~~was procured by the party offering the deposition;~~ or~~[103]

**(C)**~~-~~ that the witness ~~is unable to~~cannot attend or testify because of age, illness, infirmity, or imprisonment;~~ or~~[104]

**(D)** that the party offering the deposition ~~has been unable to~~could not procure the witness's attendance ~~of the witness~~by subpoena;[105] or

**(E)**~~ upon application~~ on motion and notice, that ~~such~~ exceptional circumstances ~~exist as to~~make it desirable~~,~~—in the interest of justice and with due regard to the importance of ~~presenting the~~live testimony ~~of witnesses orally~~ in open court~~,~~—to ~~allow~~permit the deposition to be used.[106]

**(5)** ***Limitations on Use.***

**(A)** *Deposition Taken on Short Notice.* A deposition ~~to be used.~~must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place—and this motion was still pending when the deposition was taken.[107]

**(B)** *Unavailable Deponent; Party Could Not Obtain an Attorney.* A deposition taken without leave of court ~~pursuant to a notice~~ under the unavailability provision of Rule 30(~~b~~a)(2) ~~shall~~)(C)(ii) must not be used against a party who ~~demonstrates~~shows that, when served with the notice, it ~~was unable through the exercise of diligence to~~could not, despite diligent efforts, obtain ~~counsel~~an attorney to represent it at the ~~taking of the~~ deposition~~; nor shall~~.[108]

**(6)** *Using Part of a* ~~deposition be used against~~ *Deposition.* If a party ~~who, having received less than 11 days notice of a deposition, has promptly upon receiving such notice filed a motion for a protective order under Rule 26(c)(2) requesting that the deposition not be held or be held at a different time or place and such motion is pending at the time the deposition is held.(4) If~~offers in evidence only part of a deposition~~is offered in evidence by a party~~, an adverse party may require ~~him~~the offeror to introduce ~~any~~ other ~~part which ought~~parts that in fairness ~~to~~should be considered with the part introduced, and any party may itself introduce any other parts.[109]

~~Substitution of parties pursuant to Rule~~

**(7)** *Substituting a Party.* Substituting a party under Rule 25 does not affect the right to use ~~depositions~~a deposition previously taken~~;~~.[110]

**(8)** *Deposition Taken in an Earlier Action.* A deposition lawfully taken and, ~~when an action~~if required, filed in any federal– or state-court ~~of the United States or of any state has been dismissed and another~~action may be used in a later action involving the same subject matter ~~is afterward brought~~between the same parties, or their representatives or successors in interest, ~~all depositions lawfully~~to the same extent as if taken in the ~~former~~later action ~~may be used in the latter as if originally taken therefor.~~. A deposition previously taken may also be used as ~~permitted~~allowed by the Arkansas Rules of Evidence.[111]

**(b)** _**Objections to Admissibility**_. Subject to ~~the provisions of Rule~~Rules 28(b) and ~~subdivision~~ 32(d)(3~~) of this rule,~~), an objection may be made at ~~the trial or~~a hearing or trial to ~~receiving in evidence~~the admission of any deposition ~~or part thereof for any reason which would require the exclusion of the evidence~~testimony that would be inadmissible if the witness were ~~then~~present and testifying.[112]

**(c)** _**Form of Presentation.**_ ~~Except as otherwise directed by~~Unless the court orders otherwise, a party ~~offering~~must provide a transcript of any deposition testimony ~~pursuant to this rule may offer it in stenographic or nonstenographic form~~the party offers, but~~, if in nonstenographic form, the party shall also~~ may provide the court with ~~a transcript of the portions so offered. The transcript must be prepared by a certified court reporter from the nonstenographic recording.~~the testimony in non-transcript form as well. On any party's request ~~of any party in a case tried before a jury~~, deposition testimony offered in a jury trial for any purpose other than ~~for~~impeachment ~~purposes~~

32

shallmust be presented in nonstenographicnon-transcript form, if available, unless the court for good cause orders otherwise.[113]

**(d)** Effect of Errors and Irregularities in Depositions.(1) As **Waiver of Objections.[114]**

> **(1)** *To the Notice.* All errors and irregularitiesAn objection to an error or irregularity in the notice for taking a deposition arenotice is waived unless written objection is-promptly served uponin writing on the party giving the notice.[115]

> **(2)** As *To* Disqualification Of Officer. Objection to taking a deposition because ofthe Officer's Qualification. An objection based on disqualification of the officer before whom ita deposition is to be taken is waived unlessif not made-:

>> **(A)** before the taking of the deposition begins;[116] or as soon thereafter as

>> **(B)** promptly after the basis for disqualification becomes known or could be discovered, with reasonable diligence-, could have been known.[117]

> **(3)** As *To the Taking* Ofof the Deposition.

>> **(A)** Objections *Objection to* the competency of a witness*Competence, Relevance, or Materiality.* An objection to a deponent's competence—or to the competency, relevancycompetence, relevance, or materiality of testimony are—is not waived by a failure to make themthe objection before or during the taking of the deposition, unless the ground of the objection is one whichfor it might have been obviated or removed if presentedcorrected at that time.[118]

>> **(B)** Errors and irregularities occurring *Objection to an Error or Irregularity.* An objection to an error or irregularity at thean oral examination inis waived if:

>>> **(i)** it relates to the manner of taking the deposition, in-the form of the questionsa question or answers, inanswer, the oath or affirmation, or in the conduct of parties, and errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking ofa party's conduct, or other matters that might have been corrected at that time;[119] and

>>> **(ii)** it is not timely made during the deposition.[120]

>> **(C)** Objections *Objection to a Written Question.* An objection to the form of a written questions submittedquestion under Rule 31 areis waived unlessif not served in writing uponon the party propounding themsubmitting the

33

question within the time ~~allowed~~ for serving ~~the succeeding cross or other~~responsive questions ~~and~~ or, if the question is a recross-question, within ~~5~~7 days after ~~service of the last questions authorized.~~being served with it.[121]

**(4)** ~~As~~ *To* ~~Completion And Return Of~~ *Completing and Returning the Deposition.* ~~Errors and irregularities in~~An objection to how the ~~manner in which the testimony is~~ officer transcribed ~~or~~ the ~~deposition is~~testimony—or prepared, signed, certified, sealed, ~~indorsed, transmitted, filed~~endorsed, sent, or otherwise dealt with ~~by the officer under Rules 30 and 31 are~~the deposition—is waived unless a motion to suppress ~~the deposition or some part thereof~~ is made promptly after the error or irregularity becomes known or, with reasonable ~~promptness after such is, or with due~~ diligence ~~might,~~ could have been ~~ascertained.~~known.[122]

**Rule 33. Interrogatories ~~To~~to Parties.**

~~(a) Availability. Any party may serve upon any other party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party.~~

**(a)   In General.**

**(1)   *Availability.*** Interrogatories may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.[123]

**(2)   *Number.***

**(A)**   In any case in which initial disclosures are required by Rule 26(a)(1), unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 35 written interrogatories, including all discrete subparts.[124]

**(B)**   In any domestic relations case, unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 50 written interrogatories, including all discrete subparts.[125]

**(C)**   Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b~~)~~)(1) and (2).[126]

**(3)   *Scope.*** An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.[127]

**(b)   Answers and Objections.** ~~(1)~~

**(1)   *Responding Party.*** The interrogatories must be answered:

**(A)**   by the party to whom they are directed;[128] or

**(B)**   if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.[129]

**(2)   *Time to Respond.*** The responding party must serve its answers and any objections within 30 days after being served with the interrogatories, except that a defendant must serve a response within 30 days after being served with the interrogatories

or within 45 days after being served with the summons and complaint, whichever is longer. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.[130]

> **(3)** *Answering Each Interrogatory.* Each interrogatory ~~shall~~must, to the extent it is not objected to, be answered separately and fully in writing under oath~~, unless it is objected to, in which event the.~~[131] ~~An objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. (2) The party answering interrogatories shall repeat each interrogatory immediately before the answer or objection. The answers are to be signed by the person making them and the objections signed by the attorney making them. (3) The party upon whom the interrogatories have been served shall serve a copy of the answers, or objections within 30 days after the service of the interrogatories, except that a defendant must serve answers or objections within 30 days after the service of the interrogatories upon him or within 45 days after the summons and complaint have been served upon him, whichever is longer. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29. (4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown. (5) The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.(c) Scope; Use at Trial. Interrogatories may relate to any matters which can be inquired into under Rule 26(b), and the answers may be used to the extent permitted by the rules of evidence.~~[132] The party answering interrogatories must repeat each interrogatory immediately before the answer or objection.[133]

> **(4)** *Objections.* An objecting party must state with specificity the grounds for objection and must answer to the extent the interrogatory ~~otherwise proper~~ is not ~~necessarily~~ objectionable ~~merely because an answer to the interrogatory involves an opinion or contention~~.[134] An objection must state whether any responsive information is being withheld on the basis of that ~~relates to fact or the application of law to fact, but the court may order that such an interrogatory need~~objection.[135] Any ground not ~~be answered until after designated discovery has been completed or until~~ stated in a ~~pretrial conference or other later time.(d)~~ timely objection is waived unless the court, for good cause, excuses the failure.[136]

> **(5)** *Signature.* The person who makes the answers must sign them, and the attorney who objects must sign any objections.[137]

**(c)** **Use.** An answer to an interrogatory may be used to the extent allowed by the Arkansas Rules of Evidence.[138]

**(d)** **Option to Produce Business Records.** ~~Where~~If the ~~answers~~answer to an interrogatory may be ~~derived or ascertained from the~~determined by examining, auditing, compiling, abstracting, or summarizing a party's business records ~~of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, or from a compilation, abstract or summary based thereon, and the~~ (including electronically stored information), and if the burden of deriving or ascertaining the answer ~~is~~will be substantially the same for ~~the~~either party ~~serving~~, the ~~interrogatory as for the~~responding party ~~served, it is a sufficient answer to such interrogatory to specify the records from which the answer~~ may ~~be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be~~ answer by:[139]

    **(1)** specifying the records that must be reviewed, in sufficient detail to ~~permit~~enable the interrogating party to locate and ~~to~~ identify~~,~~ them as readily as ~~can~~the responding party could;[140] and

    **(2)** giving the interrogating party ~~served,~~ a reasonable opportunity to examine and audit the records ~~from which the answer may be ascertained.~~and to make copies, compilations, abstracts, or summaries.[141]

# ~~ule~~ Rule 34. ~~Production Of~~Producing Documents ~~And~~, Electronically Stored Information, and Tangible Things ~~And Entry Upon~~, or Entering onto Land ~~For~~, for Inspection ~~And~~and Other Purposes.

**(a)** ~~Scope. Any~~ **In General.** A party may serve on any other party a request within the scope of Rule 26(b):[142]

    **(1)** to produce and permit the requesting party ~~making the request, or someone acting on his behalf,~~or its representative to inspect ~~and copy~~, copy, test, or sample the following items in the responding party's possession, custody, or control:

        **(A)** any designated documents ~~(~~or electronically stored information—including writings, drawings, graphs, charts, photographs, ~~phono-records~~sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained~~, translated~~ either directly or, if necessary, after translation by the ~~respondent through detection devices~~ responding party into a reasonably usable form~~)~~;[143] or ~~to inspect and copy, test, or sample~~

**(B)** any designated tangible things ~~which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or~~ ;[144] or

**(2)** to permit entry ~~upon~~onto designated land or other property ~~in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling~~possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation ~~thereon, within the scope of Rule 26~~on it.[145]

**(b)**~~.(b)~~ **)** **Procedure.**~~(1)~~

**(1)** *Contents of the Request.* The request ~~may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party. The request shall set forth the items to be inspected either by individual item or by category, and~~ :

**(A)** must describe ~~each item and category~~ with reasonable particularity~~. The request shall~~ each item or category of items to be inspected;[146]

**(B)** must specify a reasonable time, place, and manner ~~of making~~for the inspection and for performing the related acts~~.~~;[147] and

**(C)** may specify the form or forms in which electronically stored information is to be produced.[148]

**(2)** *Responses and Objections.*

**(A)** *Time to Respond.* The party ~~upon~~to whom the request ~~has been served shall serve a written response~~is directed must respond in writing within 30 days after ~~the service of the request~~being served, except that a defendant must serve a response within 30 days after the service of the request upon him or within 45 days after the summons and complaint have been served upon him, whichever is longer. ~~A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29. The response shall state, with respect to~~ [149]

**(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested~~, unless the request is objected to, in which event the reasons for objection shall be stated. If~~ or state with specificity the grounds for objecting to the request, including the reasons. The party responding must repeat each request immediately before the response or objection.[150] The responding

38



party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.[151]

**(C)** *Objections.* An objection ~~is made~~must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of ~~an item or category,~~a request must specify the part ~~shall be specified~~and permit inspection ~~permitted~~of the ~~remaining parts~~rest.[152]

**(D)** *Responding to a Request for Production of Electronically Stored Information.* The ~~party submitting the request may move for an order under Rule 37(a) with respect to any~~ response may state an objection to ~~or other failure to respond to the request or any part thereof, or any failure~~a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use.[153]

**(E)** *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to ~~permit inspection~~producing documents or electronically stored information:[154]

    **(i)** A party must produce documents as ~~requested.(3) A party who produces documents for inspection shall (A)~~they are kept in the usual course of business or must organize and label them to correspond ~~with~~to the categories in the ~~production~~request or ~~(B)~~ produce them as kept in the usual course of business ~~if the party seeking discovery can locate and identify the relevant records as readily as can the party who produces the documents.;~~[155]

    **(ii)** If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms;[156] and

    **(iii)** A party need not produce the same electronically stored information in more than one form.[157]

**(c)** ~~Persons Not Parties.~~ **Non-parties.** This rule does not preclude an independent action against a person not a party for permission to enter upon land. As provided in Rule 45~~(b),~~, a person not a party may be compelled to produce documents or tangible things.[158]

39

**Rule 35. Physical ~~And~~and Mental Examination ~~Of~~of Persons.~~.~~**

**(a)** **Order for an Examination.** ~~When the mental or physical condition (including the blood group) of a party, or a person in the custody or under the legal control of a party, is in controversy, the~~

    **(1)** *In General.* The court ~~in which~~where the action is pending may order ~~the party~~ a party whose mental or physical condition—including blood group—is in controversy to submit to a physical ~~examination by a physician or a~~or mental examination by a physician or a mental examination by a physician or psychologist ~~or~~examiner. The court has the same authority to order a party to produce for ~~the~~ examination ~~the~~a person who is in ~~his~~its custody or under its legal control.[159]

    **(2)** *Motion and Notice; Contents of the Order.* The order~~-~~:

        **(A)** may be made only on motion for good cause ~~shown~~ and ~~upon~~on notice to all parties and the person to be examined[160]; and ~~to all parties and shall~~

        **(B)** must specify the time, place, manner, conditions, and scope of the examination ~~and~~, as well as the person or persons ~~by whom~~who will perform it ~~is to be made~~.[161]

**(b)** **Report of** ~~Examining Physician or Psychologist.(1) If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing~~**Examiner.**

    **(1)** *Request by the Party or Person Examined.* The party who moved for the examination ~~to be made shall~~must, on request, deliver to ~~him a copy of~~ the requester a detailed ~~written~~copy of the report of the ~~examining physician or psychologist setting~~examiner. The request may be made by the party against whom the examination order was issued or by the person examined.[162]

    **(2)** *Contents.* The examiner's report must be in writing and set out ~~his~~in detail the examiner's findings, including results of all tests made, diagnoses and conclusions, together with all like reports of all earlier examinations of the same condition.[163]

    **(3)** *Request by Moving Party.* After delivery, the party causing the examination shall be entitled, upon request to receive from the party against whom the order is made, ~~a~~like ~~report~~reports of ~~any examination, previously~~all earlier or ~~thereafter~~

made,later examinations of the same condition, unless, in the case of a report of examination of a person not a party, the party shows that ~~he is unable~~the reports could not be obtained.[164]

**(4)** *Failure to* ~~obtain it.~~*Deliver a Report.* The court on motion may ~~make an~~ order ~~against~~—on just terms—that a party ~~requiring delivery of a~~ deliver the report ~~on such terms as are just and if a physician or psychologist fails or refuses to make a~~ of an examination. If the report is not provided, the court may exclude ~~his~~the examiner's testimony ~~if offered~~ at ~~the~~ trial.~~(2)~~[165]

**(5)** *Waiver of Privilege.* By requesting and obtaining ~~a~~the examiner's report ~~of the examination so ordered~~, or by ~~taking the deposition of~~deposing the examiner, the party examined waives any privilege ~~he~~it may have—in that action or any other action involving the same controversy~~, regarding the~~—concerning testimony ~~of every other person who has examined or may thereafter examine him in respect to the~~ about all examinations of the same ~~mental or physical~~ condition.~~(3)~~[166]

**(6)** *Scope.* This subdivision (b) applies also to ~~examinations~~an examination made by the parties' agreement~~of the parties~~, unless the agreement ~~expressly provides~~states otherwise. This subdivision does not preclude ~~discovery of a~~obtaining an examiner's report ~~of an examining physician or psychologist or the taking of a deposition of the physician or psychologist in accordance with the provisions of any other rule or statute~~or deposing an examiner under other rules or statutes of this state.[167]

**(c)-** **Medical Records.**~~(1)~~[168]

**(1)** *Authorization to Obtain Copies of Medical Records.* A party who relies upon his or her physical, mental, or emotional condition as an element of his or her claim or defense shall, within 30 days after the request of any other party, execute an authorization to allow ~~such~~the other party to obtain copies of his or her medical records. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29. The term ~~"~~"medical records~~"~~" means any writing, document, or electronically stored information pertaining to or created as a result of treatment, diagnosis, or examination of a patient.~~(2)~~[169]

**(2)** *Informal, Ex Parte Contact or Communication.* Any informal, ex parte contact or communication between a party or his or her attorney and the physician or psychotherapist of any other party is prohibited, unless the party treated, diagnosed, or examined by the physician or psychotherapist expressly consents. A party shall not be required, by order of court or otherwise, to authorize any

41

communication with his or her physician or psychotherapist other than (A) the furnishing of medical records, and (B) communications in the context of formal discovery procedures.[170]

**Rule 36. Requests ~~For Admission.~~**
**(a) ~~Request~~ for Admission**

**(a)   Scope and Procedure.**

   **(1)   *Scope*.** A party may serve ~~upon~~on any other party a written request ~~for the admission~~to admit, for purposes of the pending action~~, of~~ only, the truth of any matters within the scope of Rule 26(b~~) set forth in the request that relate to statements or opinions of fact or~~)(1) relating to:

      **(A)** facts, the application of law to fact, ~~including~~ or opinions about either;[171] and

      **(B)** the genuineness of any ~~documents~~ described ~~in the request. Copies of~~ documents ~~shall~~.[172]

   The request must be ~~served with the~~ filed pursuant to Rule 5(c)(1) of these rules.

   **(2)   *Form; Copy of a Document*.** Each matter must be separately stated. A request to admit the genuineness of a document must be accompanied by a copy of the document unless ~~they have~~it is, or has been ~~or are~~, otherwise furnished or made available for inspection and copying. ~~The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.~~[173]
~~Each matter of which an admission is requested shall be separately set forth. The~~
   **(3)   *Time to Respond; Effect of Not Responding*.** A matter is admitted unless, within 30 days after ~~service of the request~~being served, the party to whom the request is directed files and serves ~~upon~~on the ~~party~~requesting ~~the admission~~party a written answer or objection addressed to the matter~~,~~ and signed by the party or ~~by his~~its attorney. The answer or objection must be filed pursuant to Rule 5(c)(1) of these rules. However, a defendant shall have 30 days after service of the request or 45 days after ~~he~~the defendant has been served with the summons and complaint to answer, whichever time is longer. ~~These~~A shorter or longer time ~~periods~~for responding may be ~~shortened~~stipulated to under Rule 29 or ~~lengthened~~be ordered by the court.[174]

42

**(4)** *Answer.*

**(A)** *In General.* If ~~objection is made, the reasons therefor shall be stated. The party answering requests for admissions shall repeat each request immediately before the answer or objection. The answer shall~~a matter is not admitted, the answer must specifically ~~admit or~~ deny ~~the matter~~it or ~~set forth~~state in detail ~~the reasons~~ why the answering party cannot truthfully admit or deny ~~the matter~~it. A denial ~~shall~~must fairly ~~meet~~respond to the substance of the ~~requested admission,~~matter; and when good faith requires that a party qualify ~~his~~an answer or deny only a part of ~~the~~a matter ~~of which an admission is requested, he shall,~~ the answer must specify ~~so much of it as is true~~the part admitted and qualify or deny the ~~remainder. An~~rest. The answering party may ~~not give~~assert lack of knowledge or information ~~or knowledge~~ as a reason for ~~failure~~failing to admit or deny ~~unless he~~only if the party states that ~~he~~it has made reasonable inquiry and that the information ~~known~~it knows or can readily ~~obtainable by him~~obtain is insufficient to enable ~~him~~it to admit or deny. ~~A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why he cannot admit or deny it.~~[175] The party answering requests for admission shall repeat each request immediately before the answer or objection.[176]

~~The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.~~

**(B)** *Answer to Repeat Request.* The party answering must repeat each request for admission immediately before the answer or objection.[177]

**(C)** *Effect of Attorney's Signature to Answer.* If an attorney for a party to whom requests for admission are addressed signs an answer, ~~his~~the signature shall be deemed ~~his~~the attorney's oath as to the correctness of the answer and ~~his~~the attorney's specific authority to bind the party on whose behalf ~~he~~the attorney signs.[178]

**(5)** *Objections.* The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.[179]

**(6)** *Motion Regarding the Sufficiency of an Answer or Objection.* The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.[180]

**(b)**- **Effect of ~~an~~ Admission. ~~Any~~; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the court, on motion, permits ~~withdrawal or amendment of~~ the admission to be withdrawn or amended. Subject to ~~the provisions of~~ Rule 16 ~~governing amendment of a pre-trial order~~, the court may permit withdrawal or amendment ~~when~~if it would promote the presentation of the merits of the action ~~will be subserved thereby~~ and ~~the party who obtained the admission fails to satisfy~~if the court is not persuaded that ~~withdrawal or amendment will~~it would prejudice ~~him~~the requesting party in maintaining ~~his~~or defending the action ~~or defense~~ on the merits. ~~Any~~An admission ~~made by a party~~ under this rule is not an admission for ~~the~~any other purpose ~~of the pending action only and is not an admission by him for any other purpose, nor may it be~~ and cannot be used against ~~him~~the party in any other proceeding.[181]

**(c)**- **Separate Document.** Requests for admissions must be filed in a separate document so titled and shall not be combined with interrogatories, document production requests, or any other material.[182]

**Rule 37. Failure ~~To~~to Make Disclosures or to Cooperate in Discovery; Sanctions.**

**(a)**- **Motion for an Order Compelling Disclosure or Discovery.** ~~A party, upon reasonable~~[183]

**(1)** *In General.* On notice to ~~all~~other parties and all ~~persons~~ affected ~~thereby,~~persons, a party may ~~apply~~move for an order compelling disclosure or discovery ~~as follows:(1)~~.[184] The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.[185]

**(2)** *Appropriate Court.* ~~An application~~A motion for an order to a party ~~may~~must be made ~~to~~in the ___ court ~~in which~~where the action is pending~~, or, on matters~~

~~relating to a deposition, to the court in the place where the deposition is being taken. An application~~ .[186] A motion for an order to a ~~deponent who is not a party shall~~nonparty must be made ~~to~~in the court ~~in the place~~ where the ~~deposition~~discovery is ~~being~~or will be taken.~~(2) Motion~~[187]

**(3)** *Specific Motions.*

**(A)** *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.[188]

**(B)** *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.[189] This motion may be made if:

**(i)** a deponent fails to answer a question ~~propounded or submitted~~asked under ~~Rules~~Rule 30 or 31~~, or~~;[190]

**(ii)** a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a~~, or~~)(4);[191]

**(iii)** a party fails to answer an interrogatory submitted under Rule 33~~,~~;[192] or ~~if~~

**(iv)** a party~~, in response~~ fails to ~~a request for inspection submitted under Rule 34,~~produce documents or fails to respond that inspection will be permitted~~as requested, —~~or fails to permit inspection~~—~~as requested, ~~or if a party, in response to a request~~ under Rule ~~35(c),~~34;[193]

**(v)** a party fails to provide an appropriate medical authorization~~, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion shall include a statement that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.~~ in response to a request under Rule 35(c).[194]

**(C)** *Related to a Deposition.* When taking ~~a~~an oral deposition ~~on oral examination~~, the ~~proponent of the~~party asking a question may complete or adjourn the examination before ~~he applies~~moving for an order.~~(3)~~ [195]

**(4)** ***Evasive or Incomplete Disclosure, Answer, or Response.*** For purposes of this subdivision~~,~~ (a), an evasive or incomplete disclosure, answer, or response ~~is to~~must be treated as a failure to disclose, answer, or respond.~~(4)~~[196]

**(5)** ***Payment of Expenses*** ~~and Sanctions.(A)~~*; Protective Orders.*[197]

    **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted~~—~~—or if the disclosure or requested discovery is provided after the motion was filed~~,——~~the court ~~shall~~must, after ~~affording~~giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ~~or~~, the party or attorney advising ~~such~~that conduct, or both ~~of them,~~ to pay ~~to~~ the ~~moving party the~~movant's reasonable expenses incurred in making the motion, including ~~attorneys'~~attorney's fees~~, unless~~.[198] But the court ~~finds that~~ must not order this payment if:[199]

        **(i)** the ~~motion was~~movant filed ~~without~~ the ~~movant's first making a~~motion before attempting in good faith ~~effort~~ to obtain the disclosure or discovery without court action~~, or that~~;[200]

        **(ii)** the opposing ~~party's~~party's nondisclosure, response, or objection was substantially justified;[201] or ~~that~~

        **(iii)** other circumstances make an award of expenses unjust.[202]

    **(B)** *If the Motion Is Denied.* If the motion is denied, the court may ~~enter~~issue any protective order authorized under Rule 26(c) and ~~shall~~must, after ~~affording~~giving an opportunity to be heard, require the ~~moving party or~~movant, the attorney filing the motion, or both ~~of them~~ to pay ~~to~~ the party or deponent who opposed the motion ~~the~~its reasonable expenses incurred in opposing the motion, including ~~attorneys'~~attorney's fees~~, unless~~. But the court ~~finds that the making of~~must not order this payment if the motion was substantially justified or ~~that~~ other circumstances make an award of expenses unjust.[203]

    **(C)** *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may ~~enter~~issue any protective order authorized under Rule 26(c) and may, after ~~affording~~giving an opportunity to be heard, apportion the reasonable expenses ~~incurred in relation to the motion among the parties and persons in a just manner.~~for the motion.[204]

**(b)**~~-~~ **Failure to Comply with a Court Order.**

**(1)** *Sanctions* ~~By~~*Sought in the Court* ~~In Place~~ *Where the Deposition Is Taken.* If ~~the court where the discovery is taken orders~~ a deponent ~~fails~~ to be sworn or to answer a question ~~after being directed to do so by the court~~and the deponent fails to obey, the failure may be treated as contempt of court.[205]

**(2)** *Sanctions Sought in the* ~~place in which the deposition is being taken, the failure may be considered a contempt of that court.(2) Sanctions By Court In Which~~*Court Where the Action* ~~Is~~*is Pending.*

**(A)** *For Not Obeying a Discovery Order.* If a party or ~~an~~a party's officer, director, or managing agent ~~of a party~~ or a ~~person~~witness designated under Rule 30(b)(6) or 31(a~~) to testify on behalf of a party~~)(4) fails to obey an order to provide or permit discovery, including an order ~~made~~under ~~subdivision (a) of this rule or~~Rule 35, or 37(a), the court ~~in which~~where the action is pending may ~~make such orders in regard to the failure as are just, and among others~~issue further just orders. They may include the following:~~(A) An order~~[206]

**(i)** directing that the matters ~~regarding which~~embraced in the order ~~was made~~or any other designated facts ~~shall~~be taken ~~to be~~as established for ~~the~~purposes of the action~~in accordance with the claim of the party obtaining the order;(B) An order refusing to allow~~, as the prevailing party claims;[207]

**(ii)** prohibiting the disobedient party ~~to support~~from supporting or ~~oppose~~opposing designated claims or defenses, or ~~prohibiting him~~from introducing designated matters in evidence;~~(C) An order~~[208]

**(iii)** striking ~~out~~pleadings in whole or ~~parts thereof, or~~in part;[209]

**(iv)** staying further proceedings until the order is obeyed~~, or~~;[210]

**(v)** dismissing the action or proceeding in whole or ~~any~~in part~~thereof, or~~;[211]

**(vi)** rendering a default judgment ~~by default~~against the disobedient party;~~(D) In lieu of any of the foregoing orders or in addition thereto, an order~~[212] or

**(vii)** treating as ~~a~~contempt of court the failure to obey any ~~orders~~order except an order to submit to a physical or mental examination;~~(E) Where.~~[213]

**(B)** *For Not Producing a Person for Examination.* If a party ~~has failed~~fails to comply with an order under Rule 35(a) requiring ~~him~~it to produce another person

for examination, ~~such~~the court may issue any of the orders ~~as are~~listed in ~~paragraphs (~~Rule 37(b)(2)(A)~~, (B) and (C) of this subdivision,~~)(i)–(vi), unless the disobedient party ~~failing to comply~~shows that ~~he is unable to~~it cannot produce ~~such~~the other person ~~for examination.In lieu.~~[214]

**(C)** *Payment* of ~~any~~*Expenses.* Instead of ~~the foregoing orders~~or in addition ~~thereto~~to the orders above, the court ~~shall require the party failing to obey the~~must order ~~or~~the disobedient party, the attorney advising ~~him~~that party, or both to pay the reasonable expenses, including ~~attorney's~~attorney's fees, caused by the failure, unless the ~~court finds that the~~failure was substantially justified or ~~that~~other circumstances make an award of expenses unjust.[215]

**(c)** ~~Expenses~~ **Failure to Disclose, to Supplement an Earlier Response, or to Admit.**[216]

**(1)** *Failure to Disclose or Supplement.* If a party fails to seasonably provide information or identify a witness as required by Rule 26(a)[required disclosures] or 26(e) [supplementing disclosures and responses], and another party suffers prejudice, then upon timely motion of the prejudiced party made within a reasonable time after the prejudiced party obtains knowledge of the failure to disclose or supplement the information or identify a witness, the court may:

**(A)** make any order justice requires to protect the moving party, including preclusion of the use of the information or witness to supply evidence on a motion, at a hearing, or at a trial, and

**(B)** impose any sanction allowed by subdivision (b)(2)(A)(i)–(vi) of this rule, unless the failure was substantially justified or is harmless.[217]

**(2)** *Failure to Admit.* If a party fails to admit ~~the genuineness of any document or the truth of any matter as~~what is requested under Rule 36~~,~~ and if the ~~party~~requesting ~~the admissions thereafter~~party later proves ~~the genuineness of the~~a document to be genuine or the ~~truth of the~~matter~~, he may apply to the court for an order requiring the other~~ true, the requesting party may move that the party who failed to admit pay ~~him~~the reasonable expenses, including attorney's fees, incurred in making that proof~~, including reasonable attorney's fees.~~. The court ~~shall make the~~must so order unless~~it finds that (1)~~:

**(A)** the request was held objectionable ~~pursuant to~~under Rule 36(a)~~, or (2)~~;

**(B)** the admission sought was of no substantial importance~~, or (3)~~;

**(C)** the party failing to admit had a reasonable ground to believe that ~~he~~it might prevail on the matter~~,~~; or ~~(4)~~

**(D)** there was other good reason for the failure to admit.[218]

**(d) Party's** Failure ~~of Party~~ to Attend ~~at~~Its Own Deposition~~ or~~, Serve Answers to Interrogatories, or Respond to a Request for Inspection. ~~If~~[219]

**(1) *In General.***

**(A)** *Motion; Grounds for Sanctions*. The court where the action is pending may, on motion, order sanctions if:[220]

**(i)** a party~~,~~ or ~~an~~a party's officer, director, or managing agent~~ of ~~ or a ~~party or~~ person designated under Rule 30(b)(6) or 31(a~~) to testify on behalf of a party, ~~)(4)~~ — ~~fails ~~(1) to appear before the officer who is to take his deposition~~, after being served with ~~a ~~proper notice, to appear for that person's deposition;[221] or ~~(2)~~

**(ii)** a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers~~ or~~, objections~~ to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a~~, or written response~~ to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a statement.~~ [222]

**(B)** *Certification*. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to ~~answer or respond~~act in an effort to obtain ~~such~~the answer or response without court action.~~ In lieu~~[223]

**(2) *Unacceptable Excuse for Failing to Act*.** A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).[224]

**(3) *Types of Sanctions*.** Sanctions may include any ~~other order ~~of the orders listed in Rule 37(b)(2)(A)(I)−(vi). Instead of or in addition ~~thereto~~to these sanctions, the court ~~shall~~must require the party failing to act~~ or~~, the attorney advising ~~him~~that party, or both to pay the reasonable expenses, including ~~attorney's~~attorney's fees, caused by the failure, unless the ~~court finds that the ~~failure was substantially justified or ~~that ~~other circumstances make an award of expenses unjust.[225]

49

~~The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided in Rule 26(c).(e) Failure to Supplement Responses. If a party fails to supplement responses seasonably as required by Rule 26(e), and another party suffers prejudice, then upon motion of the prejudiced party made before or at trial, the court may make any order which justice requires to protect the moving party, including but not limited to imposing any sanction allowed by subdivision (b)(2)(A)-(C) of this rule.(f) Expenses Against State. Except to the extent permitted by statute, expenses and fees may not be awarded against the state of Arkansas under this rule.~~

**(e)** **Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

**(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice;[226] or

**(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

**(A)** presume that the lost information was unfavorable to the party;[227]

**(B)** instruct the jury that it may or must presume the information was unfavorable to the party;[228] or

**(C)** dismiss the action or enter a default judgment.[229]

**Rule 45~~.~~ Subpoena.**

**(a)~~-~~** **In General.**

**(1)** *Form and ~~Issuance.~~Contents.*

**(A)** *Requirements–In General.* Every subpoena ~~issued by the clerk shall be under seal,~~must:

**(i)** state the name of the court ~~and~~from which it is issued;[230]

**(ii)** state the title of the action~~,~~ and its case number;[231]

**(iii)** command each person to whom it is directed to ~~appear and give testimony~~do one or more of the following at ~~the~~a specified time and place ~~therein specified.~~: attend and testify; produce designated books, documents, records, electronically stored information, or tangible things in the person's possession, custody, or control; and[232]

**(iv)** set out the text of Rule 45(f) and (g).[233]

**(B)** *Subpoena Commanding Attendance at Deposition–Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.[234]

**(C)** *Subpoena Commanding Production or Permitting Inspection May be Included in Subpoena Commanding Attendance or in Separate Subpoena; Specifying the Form for Electronically Stored Information.* A command to produce books, documents, records, electronically stored information, or tangible things may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena.[235] A subpoena may specify the form or forms in which electronically stored information is to be produced.[236]

**(D)** *Subpoena Commanding Production; Included Obligations.* A command in a subpoena to produce books, documents, records, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.[237]

**(2)** *Issuing Court.* A subpoena must issue from the court where the action is pending.[238]

**(3)** *Issued by Whom.* The clerk must issue a subpoena, signed and sealed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney admitted to practice in ~~this~~the State~~, as an officer of the court,~~ may also issue and sign a subpoena in any action ~~pending in a court of this State~~ in which the attorney is counsel of record.[239]

~~(b) *For Production of Documentary Evidence.* (1) Any subpoena issued pursuant to this rule may command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein. The subpoena need not be joined with a subpoena to appear for a deposition, hearing, or trial. If a subpoena does not command an appearance, then it must be served by e-mail, facsimile, or hand delivery on all other parties at least three (3) business days before the subpoena is served on the person to whom it is directed. The party issuing a subpoena that does not command an appearance must promptly provide a copy to all other parties of all material produced in response to the subpoena. (2) The court,~~

~~upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (i) quash or modify the subpoena if it is unreasonable or oppressive or (ii) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents or tangible things.~~

~~(c) *Service*. A subpoena for a trial or hearing or for a deposition may be served at any place within this State in the manner prescribed in this subdivision. A subpoena for a trial or hearing or for a deposition may be served by the sheriff of the county in which it is to be served, by his deputy, or by any other person who is not a party and is not less than eighteen (18) years of age. Service shall be made by delivering a copy of the subpoena to the person named therein; provided, however, that a subpoena for a trial or hearing may be served by telephone by a sheriff or his deputy when the trial or hearing is to be held in the county of the witness' residence. A subpoena for a trial or hearing or for a deposition may also be served by an attorney of record for a party by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or agent of the addressee.~~

    **(4)** ***Subpoenas are Subject to Rule 26(b)(1) and (c).*** Every subpoena is subject to the provisions of Rules 26(b)(1) and (c).[240]

## (b)   Subpoena for Trial or Hearing.

    **(1)** ***Notice of Subpoena for Trial or Hearing.***

~~(d)~~ *Subpoena for Trial or Hearing.* ~~At the request of any party the clerk of the court before which the action is pending shall issue a subpoena for a trial or hearing, or a subpoena for the production at a trial or hearing of documentary evidence, signed and sealed, but otherwise in blank, to the party requesting it, who shall fill it in before service. The subpoena may also be issued by an attorney pursuant to subdivision (a) of this rule.~~ Notice of the subpoena shall be promptly given to all parties in the manner prescribed by Rule 5(b).[241]

    **(2)** ***Obligation of Witness; Witness Fees.***

        **(A)** *Obligation of Witnesses.* A witness, regardless of ~~his~~the county of the witness's residence, shall be obligated to attend for examination ~~on~~at a trial or hearing in a civil action anywhere in this State when ~~properly~~ served with a subpoena at least two~~(2)~~ days prior to the trial or hearing. The court may grant leave for a subpoena to be issued within two ~~(2)~~ days of the trial or hearing.[242]

        **(B)** Witness Fee. The subpoena must be accompanied by a tender of a witness fee ~~calculated at the rate~~ of $30.00 per day for attendance and $0.~~25~~50 per mile for travel <u>to and</u> from the ~~witness'~~<u>witness'</u> residence to the place of the

trial or hearing. In the event of telephone service of a subpoena by a sheriff or ~~his~~the sheriff's deputy, the party who caused the witness to be subpoenaed shall tender the fee and mileage reimbursement prior to or at the time of the ~~witness'~~witness' appearance at the trial or hearing. If a continuance is granted and if the witness is provided adequate notice ~~thereof, reservice~~of the continuance, re-service of the subpoena ~~shall~~is not ~~be~~ necessary. Any person subpoenaed for examination at the trial or hearing shall remain in attendance until excused by the party causing ~~him~~the person to be subpoenaed or, after giving testimony, by the court. Prior to being excused, the party who caused the witness to be subpoenaed must ensure that the witness has received the fee and mileage reimbursement for each of the days the witness appeared at or for the trial or hearing.[243]

~~(e)~~

**(c)    Subpoena for Taking Depositions**~~: *Place of Examination*. Upon the filing of a notice of deposition upon oral examination pursuant to Rule 30(b), the clerk of the court in which the action is pending shall, upon the request of the party giving notice, issue a~~.

   **(1)    *Production, Inspection, and Copying.*** A subpoena ~~in accordance with the notice. The subpoena may also be issued by an attorney pursuant to subdivision (a) of this rule. The subpoena~~for taking a deposition may command the person to whom it is directed to produce and permit inspection and copying of designated books, ~~papers,~~ documents, records, electronically stored information, or tangible things ~~which constitute~~in the possession, custody, or ~~contain matters within the scope of the examination permitted by Rule 26(b), but in that event the subpoena will be subject to the provisions of Rule 26(c) and subdivision (b) of the rule.~~control of the person.[244]

   **(2)    *Service of Deposition Notice; Witness Fee.***

      **(A)**    Service of Deposition Notice. The witness must be ~~properly~~ served at least five ~~(5)~~ business days prior to the date of the deposition, unless the court grants leave for subpoena to be issued within that period.[245]

      **(B)**    Witness fee. The subpoena must be accompanied by a tender of a witness fee ~~calculated at the rate~~ of $30.00 per day for attendance and $0.~~25~~50 per mile for travel to and from the ~~witness'~~witness' residence to the place of the deposition.

   **(3)    *Place of Examination.*** A witness subpoenaed under this subdivision may be required to attend a deposition at any place within 100 miles of where the witness

resides, is employed, transacts business in person, or at such other convenient place as is fixed by an order of court.[246]

**(d)**~~The~~ **Subpoena for Production of Documentary Evidence and Tangible Things.**

**(1)** **In General.** A subpoena may command the person to whom it is directed to produce and permit inspection and copying of designated books, documents, records, electronically stored information, or tangible things in the possession, custody, or control of the person. The subpoena need not be joined with a subpoena to appear for a deposition, hearing, or trial.[247]

**(2)** **Written Objection to Inspection or Copying of Material.** The person to whom the subpoena is directed or a person affected by the subpoena may, within ten (10) days after the service ~~thereof~~of the subpoena or on or before the time specified in the subpoena for compliance if such time is less than ten (10) days after service, serve upon the attorney causing the subpoena to be issued written objection ~~to inspection or copying of any or all of the designated materials. If objection is made, the party causing the subpoena to be issued shall not be entitled to inspect and copy the materials except pursuant to an order of the court before which the deposition may be used. The party causing the subpoena to be issued may, if objection has been made, move, upon notice to the deponent, for an order at any time before or during the taking of the deposition. A witness subpoenaed under this subdivision may be required to attend a deposition at any place within 100 miles of where he resides, or is employed, or transacts his business in person, or at such other convenient place as is fixed by an order of court.~~, stated with specificity, to inspection or copying of any of the designated materials. If written objection is made:

**(A)** the party causing the subpoena to be issued shall not be entitled to inspect and copy the materials to which a written objection was made except pursuant to an order of the court.

**(B)** The party causing the subpoena to be issued may move, upon notice to the person to whom the subpoena is directed, for an order to permit inspection or copying at any time before or during the taking of the deposition.[248]

**(3)** *Motion to Quash or Modify Subpoena for Production of Documentary Evidence.* The court, upon motion made within ten days after service of the subpoena or on or before the time specified in the subpoena for compliance, if such time is less than ten days after service, may:

        **(A)** quash or modify the subpoena if it is unreasonable or oppressive or

        **(B)** condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, documents, records, electronically stored information, or tangible things.[249]

No production of the subpoenaed materials shall be made while the motion is pending before the court.[250]

**(e) Service.**

**(1)** *By Whom and How.* Every subpoena may be served by the sheriff or the sheriff's deputy of the county in which it is to be served, or by any other person who is not a party and is not less than eighteen (18) years of age. Serving a subpoena requires delivering a copy to the named person. However, a subpoena for a trial or hearing may be served by telephone by a sheriff or the sheriff's deputy when the trial or hearing is to be held in the county of the witness' residence. A subpoena may also be served by an attorney of record for a party by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or agent of the addressee.[251]

**(2)** *Subpoena not Commanding Appearance to be Served on Parties and Certain Non-parties; Material Produced in Response to be Provided to All Other Parties.*

        **(A)** *Subpoena not Commanding Appearance to be Served on Parties and Certain Non-parties.* If a subpoena does not command an appearance, then it must be served by e-mail, facsimile, or hand delivery on all other parties and any non-parties whose personal, business, or financial information is sought by name in the subpoena. Service on the parties and non-parties must be at least three (3) business days before the subpoena is served on the person to whom it is directed.[252]

        **(B)** *Material Produced in Response to be Provided to All Other Parties.* The party issuing a subpoena that does not command an appearance must promptly provide a copy to all other parties of all material produced in response to the subpoena.[253]

**(3)** *Service in the State.* A subpoena may be served at any place within this State.[254]

**(f)** ~~*Contempt.* When a witness~~ **Protecting a Person Subject to a Subpoena; Enforcement.**[255]



**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court may impose an appropriate sanction—which may include reasonable attorney's fees—on a party or attorney who fails to ~~attend in obedience to~~comply.[256]

**(2)** ***Command to Produce Materials or Permit Inspection, Appearance Not Required.*** A person commanded to produce books, documents, records, electronically stored information, or tangible things, need not appear in person at the place of production unless also commanded to appear for a deposition, hearing, or trial.[257]

**(3)** ***Quashing or Modifying a Subpoena–In general.***

    **(A)** *When Required.* On motion, the court must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;

        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c)(3);

        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

        **(iv)** subjects a person to undue burden.[258]

    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court may, on timely motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(f)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.[259]

**(g)** **Duties in Responding to a Subpoena.**[260]

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.[261]

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.[262]

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.[263]

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause. The court may specify conditions for the discovery.[264]

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* If a person withholds subpoenaed information claiming that it is privileged or subject to protection as trial-preparation material, the court may, upon motion and for good cause shown, order the withholding party to:

**(i)** prepare a log describing the nature of the withheld documents, communications or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim; and

**(ii)** describe documents withheld by: the date and type of document; the author(s), recipient(s), and general subject-matter of the document;

and state the specific privilege claimed for withholding the information or that the information is withheld subject to a claim of trial-preparation material.[265]

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.[266]

**(h)** Contempt. When a person fails to obey a subpoena or intentionally evades the service of a subpoena by concealment or otherwise, the court may issue a warrant for arresting and bringing the ~~witness~~person before the court at a time and place to be fixed in the warrant, to give testimony and answer for contempt.[267]

**(i) Independent Action Against Non-parties to Enter Land.** This rule does not preclude an independent action against a person not a party for permission to enter upon land.[268]

---

[1] The disclosure provisions of proposed ARCP 26(a) are not part of current Arkansas procedure. Except as otherwise noted in the following footnotes, proposed Rule 26(a) Required Disclosures, adopts—with several minor non-substantive variations – the language of Federal Rule of Procedure 26(a) also titled "Required Disclosures."

[2] The term "discoverable knowledge" is added to the federal rule provision. The term is drawn from the rules of several other states' adoption of Rule 26(a) to note a possible distinction between knowledge and information. "Reporter's Notes" type comments to other state disclosure rules and several articles indicated

that a number of states revised and added to their initially considered or adopted federal rules versions of disclosures after reviewing possible improvements and additions to the federal rules.

[3] The phrase "a description of the knowledge or information each person is believed to possess" is added to the federal rule provision. The phrase is drawn from the rules of several other states' adoption of Rule 26(a). "Reporter's Notes" type comments to other state disclosure rules and several articles indicated that a number of states revised and added to their initially considered or adopted federal rules versions of disclosures after reviewing possible improvements and additions to the federal rules.

[4] Subsection (iii) is added to the federal rule 26(a)(1)(A) initial disclosure provisions. The phrase is drawn from the rules of several other states' adoption of Rule 26(a). "Reporter's Notes" type comments to other state disclosure rules and several articles indicated that a number of states revised and added to their initially considered or adopted federal rules versions of disclosures after reviewing possible improvements and additions to the federal rules.

[5] The language of subsection 26(a)(1)(A)(iv) varies slightly from the corresponding FRCP 26(a)(1)(A)(iii) and is drawn from the rules of several other states' adoption of Rule 26(a). "Reporter's Notes" type comments to other state disclosure rules and several articles indicated that a number of states revised and added to their initially considered or adopted federal rules versions of disclosures after reviewing possible improvements and additions to the federal rules.

[6] Source – Current ARCP 26(b)(2).

[7] Proceedings exempt from initial disclosure (ix) through (xvi) are adopted from FRCP 26(a)(1)(B). The other proceedings exempt from initial disclosure are drawn from the rules of several other states or are otherwise considered appropriate exemptions for the Arkansas rule.

[8] This provision is drawn from FRCP 26(a)(1)(C). Since the federal time for the initial disclosures is tied to the FRCP 26(f) discovery conference that is not proposed for adoption in the Arkansas rules, the time proposed in this provision is that considered appropriate for Arkansas practice and procedure.

[9] Source – FRCP 26(a)(4).

[10] ARCP 26(a) "Discovery Methods" has been deleted as unnecessary and duplicative. That provision simply listed the discovery methods found in rules 35 through 36. The corresponding provision has also been deleted from Rule 26 of the Federal Rules of Civil Procedure.

[11] Source – Current ARCP 26(b)(1).

[12] Source – FRCP 26(b)(2)(A).

[13] Source – FRCP 26(b)(3)(A). Substantively identical to current ARCP 26(b)(3) – first paragraph, first sentence.

[14] Source – FRCP 26(b)(3)(B). Substantively identical to current ARCP 26(b)(3) – first paragraph, second sentence.

[15] Source – FRCP 26(b)(3)(C). Substantively identical to current ARCP 26(b)(3) – second paragraph.

[16] Source – Current ARCP 26(b)(4)(A)(i).

[17] Source – Current ARCP 26(b)(4)(A)(ii).

[18] Source – FRCP 26(b)(4)(C). The phrase, "retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony," is drawn from FRCP 26(a)(2)(B).

[19] Source – FRCP 26(b)(4)(D). Substantively identical to current ARCP 26(b)(4)(B).

[20] Sources – Current ARCP 26(b)(4)(C) and FRCP 26(b)(4)(E).

[21] This provision authorizing, upon motion and showing of good cause, preparation of a court ordered "privilege log" by a party withholding otherwise discoverable information on a claim of privilege or trial preparation materials is new to Arkansas civil procedure and differs significantly from the corresponding privilege log provision authorized by federal rule of civil procedure FRCP 26(b)(5)(A).

[22] Source – FRCP 26(b)(5)(b). *Compare* current ARCP 26(b)(5).
[23] Source – FRCP 26(c). Substantively identical to current ARCP 26(c).

[24] Source – FRCP 26(c)(2). Substantively identical to current ARCP 26(c) – second paragraph, first sentence.

[25] Source – FRCP 26(c)(3). Substantively identical to current ARCP 26(c) – second paragraph, second sentence (Rule number updated to 37(a)(5) to reflect the proper reference in proposed changes to subsection numbers in ARCP 37).

[26] Source – Current ARCP 26(d). The corresponding federal rule of civil procedure, FRCP 26(d) is substantively identical to the ARCP 26(d).

[27] Source – FRCP 26(e). Substantively identical to current ARCP 26(e) with the addition of the duty to supplement or correct initial disclosures under proposed ARCP 26(a) and the replacement of the duty to "seasonably amend" under current ARCP 26(e) with the duty to "amend in a "timely manner."

[28] Source – Current ARCP 26(f).
[29] Subsection (b) of current ARCP 26.1 Provides:

"(b) Supplemental and optional rule. This rule is intended to supplement the Arkansas Rules of Civil Procedure, and the Arkansas Rules of Civil Procedure shall govern if there is a conflict between this supplemental rule and the Rules of Civil Procedure. The rule is optional because either the parties must agree that it will apply, or the circuit court must order that it will apply on motion for good cause shown."

Current ARCP 26.1 was adopted by the Arkansas Supreme Court's per curiam order of March 5, 2009. That order recited that the rule was adopted in response to a petition of the Arkansas Bar Association through the Bar's Task Force on Electronic Discovery and after approval by the Court's Committee on Civil Practice. The per curiam noted that "the new rule [ARCP 26.1] needs to be tested in limited application to see how it works." After nearly ten years of experience, the rule appears to be working well. As a result, proposed ARCP 26.1 would make the rule mandatory rather than optional and subsection (b) would be deleted. Other than changes in the section letters resulting from the deletion of subsection (b) and the reformatting of the rule, there are no changes in proposed ARCP 26.1 from current ARCP 26.1.

[30] Source – FRCP 27(a)(1). Substantively identical to current ARCP 27(a)(1)(1)–(5).

[31] Source – FRCP 27(a)(2). Substantively identical to current ARCP 27(a)(2). The time before the hearing date for service on expected adverse parties is changed from 20 days under current ARCP (a)(2) to 21 days.
[32] Source – FRCP 27(a)(3). Substantively identical to current ARCP 27(a)(3).

[33] Source − current ARCP 27(a)(4).

[34] Source − FRCP27(b). Substantively identical to current ARCP 27(b) with the following exceptions: ARCP 27(b) provision does not mention "delay of justice" nor Rule 34.

[35] Source − FRCP 27(c). Substantively identical to current ARCP 27(c).
[36] Source − FRCP 28(a)(1). Substantively identical to ARCP 28(a).

[37] Source − FRCP 28(a)(2).

[38] Source − FRCP 28(b)(1)(A)−(D). Substantively identical to ARCP 28(b)(1)−(3).

[39] Source − FRCP 28(b)(2). Substantively identical to ARCP 28(b) − third sentence.

[40] Source − FRCP 28(b)(2). Substantively identical to ARCP 28(b) − second sentence.

[41] Source − FRCP 28(b)(2). Substantively identical to ARCP 28(b) − second sentence.

[42] Source − FRCP 28(b)(3). Substantively identical to ARCP 28(b) − sixth sentence.

[43] Source − FRCP 28(b)(3). Substantively identical to ARCP 28(b) − fifth sentence.

[44] Source − FRCP 28(b)(3). Substantively identical to ARCP 28(b)(4).

[45] Source − FRCP 28(b)(4). Substantively identical to ARCP 28(b) − seventh sentence.

[46] Proposed ARCP 28(c) is current ARCP 28(c) with several modifications for style. The provision provides a process for taking depositions or producing documents or things in Arkansas for use in judicial proceeding in foreign countries. The process is not part of Federal Rule 28 because the similar process for federal courts is provided by federal statutes − 28 U.S.C. §§ 1781, 1782.

[47] Source − Drawn in part from ARCP 28(c). *See also* footnote 12, below.
[48] Source − Drawn in part from ARCP 28(c). *See also* footnote 11, above.

[49] Source − Drawn from ARCP 28(c).

[50] Source − Drawn from ARCP 28(c).

[51] Source − FRCP 28(c). Substantively identical to ARCP 28(d).
[52] Proposed ARCP 29 is identical to the current Arkansas rule with the exception that stipulations are not required to be "written."
[53] Source − FRCP 30(a)(1). Substantively identical to current ARCP 30(a).

[54] Source − Current ARCP 30(a). The number of days set for requiring leave in current ARCP 30(a) is expanded from 30 to 45 in proposed ARCP 30(a)(2)(A).

[55] Source − Current ARCP 30(a), last sentence.

[56] Source − Current ARCP 30(a), second sentence.

[57] Source – Current ARCP 30(b)(2). The 30 day period in the current rule is expanded to 45 days in the proposed rule.

[58] Sources – Substantively identical to current ARCP 30(a) – third sentence. FRCP 30(a).

[59] Source – Substantively identical to current ARCP 30(b)(1). FRCP 30(b)(1).

[60] Source – FRCP 30(b)(2). Substantively identical to current ARCP 30(b)(1) – last sentence.

[61] Sources – Current ARCP 30(b)(5). FRCP 30(b)2).

[62] Source – FRCP 30(b)(3)(A). Substantively identical to current ARCP 30(b)(3), first three sentences.

[63] Source – FRCP 30(b)(3)(B). Substantively identical to current ARCP 30(b)(3), last two sentences.

[64] Source – FRCP 30(b)(4). Substantively identical to current ARCP 30(b)(7) – Federal Rule 30(b)(4) added the specific rule references. The references are consistent with the analogous Arkansas rules.

[65] Source – FRCP 30(b)(5)(A). Substantively identical to current ARCP 30(b)(4), first sentence.

[66] Source – FRCP 30(b)(B). Substantively identical to current ARCP 30(b)(4), second and third sentences.

[67] Source – FRCP 30(b)(5). Substantively identical to current ARCP 30(b)(4), last sentence.

[68] Source – FRCP 30(b)(6). Substantively identical to current ARCP 30(b)(6).

[69] Source – FRCP 30(c)(1). Substantively identical to current ARCP 30(c), first three sentences. In addition to excepting Evidence Rule 103 – rulings on evidence at trial, the corresponding Federal Rule also excepts Evidence Rule 615 – "The Rule Against Witnesses" – exclusion of witnesses from hearing testimony of other witnesses.

[70] Source – FRCP 30(c)(2). Substantively identical to current ARCP 30(c), 4th sentence.

[71] Source – FRCP 30(c)(2). Substantively identical to current ARCP 30(d)(1).

[72] Source – FRCP 30(c)(3). Substantively identical to current ARCP 30(c)(3), last sentence.

[73] Source – The first sentence would be new to the Arkansas rules. The second sentence is substantively identical to current ARCP 30(d)(2). *See also* FRCP 30(d)(1).

[74] Source – FRCP 30(d)(2). Substantively identical to current ARCP 30(d)(3).

[75] Source – FRCP 30(d)(3)(A) – The option of filing the motion in the court where "the deposition is being taken" is omitted from the language of the federal rule. Substantively identical to current ARCP 30(d)(4), first and third sentences.

[76] Source – FRCP 30(d)(3)(B). Substantively identical to current ARCP 30(d)(4), first & second sentences.

[77] Source – FRCP 30(d)(3)(C). Substantively identical to current ARCP 30(d)(4), last sentence.

[78] Source – FRCP 30(e)(1)(A). Substantively identical to current ARCP 30(e), first sentence.

[79] Source – FRCP 30(e)(1)(B). Substantively identical to current ARCP 30(e), first sentence.

[80] Source – FRCP 30(e)(2). Substantively identical to current ARCP 30(e), first sentence.

[81] Source – FRCP 30(f)(1) – first two sentences. Substantively identical to current ARCP 30(f), first two sentences. The following language from Federal Rule 30(f)(1) is not adopted: "Unless the court orders otherwise, the officer must seal the deposition in an envelope or package bearing the title of the action and marked 'Deposition of [witness's name' and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration." In addition, the following language from current ARCP 30(f)(1) – third and fourth sentences – has been omitted as being inconsistent with current Arkansas practice: "The officer shall place the deposition in an envelope or package indorsed with the title of the action and marked 'Deposition of (name of witness)' and, if ordered by the court in which the action is pending pursuant to Rule 5(c), promptly file it with the clerk of that court. Otherwise, the officer shall send it to the attorney who arranged for the transcript or recording, who shall store it under conditions that will protect it against loss, destruction, tampering, or deterioration."

[82] Source – FRCP 30(f)(2)(A). Substantively identical to current ARCP 30(f)(1), 4th sentence.

[83] Source – FRCP 30(f)(2)(A). Substantively identical to current ARCP 30(f)(1), 4th sentence.

[84] Source – FRCP 30(f)(2)(B). Substantively identical to current ARCP 30(f)(1), last sentence.

[85] Source – Identical to current ARCP 30(f)(2), 1st sentence with the exception that "freelance court reporters" has been substituted for "official court reporters." *See also* FRCP 30(f)(3).

[86] Sources – Current ARCP 30(f)(2), 2nd sentence. *See* also FRCP 30(f)(3).

[87] Source – FRCP 30(g). Substantively identical to current ARCP 30(g).

[88] Source – FRCP 31(a)(1). Substantively identical to current ARCP 31(a).

[89] Source – current ARCP 31(a)(2). The time is increased to 45 days from 30 days. *See also* FRCP 30(1)(2)(A)(iii).

[90] Source – ARCP 31(a) – last sentence. *See* also FRCP 31(a)(2)(B).

[91] Source – ARCP 31(a)(2).

[92] Source – This provision is not part of current ARCP 31 nor FRCP 31. The provision is borrowed from ARCP 30(b)(2) regarding depositions by oral examination. *See also* FRCP 30(a)(2)(A)(iii).

[93] Source – FRCP 31(a)(3). Substantively identical to current ARCP 31(a)(3).

[94] Source – FRCP 31(a)(4). Substantively identical to current ARCP 31(a)(3).

[95] Source – FRCP 31(a)(5). Substantively identical to current ARCP 31(a)(4).

[96] Source – FRCP 31(b). Substantively identical to current ARCP 31(b).

[97] Source – FRCP 31(c)(1). Substantively identical to current ARCP 31(c).

[98] Source – FRCP 31(c)(2). Current ARCP 31(c) provides: "The party causing the deposition to be taken shall furnish one copy of the deposition to any opposing party, or if there is more than one opposing party, a copy may be filed with the clerk for the use of all opposing parties, and the party filing the deposition shall give prompt notice of its filing to all other parties."

[99] Source − FRCP 32(a)(A) & (B). Substantively identical to current ARCP 32(a).

[100] Source − FRCP 32(a)(2). Substantively identical to current ARCP 32(a)(1).

[101] Source − FRCP 32(a)(3). Substantively identical to current ARCP 32(a)(2).

[102] Source − FRCP 32(a)(4)(A). Substantively identical to current ARCP 32(a)(3)(A).

[103] Source − FRCP 32(a)(4)(B). Substantively identical to current ARCP 32(a)(3)(B).

[104] Source − FRCP 32(a)(C). Substantively identical to current ARCP 32(a)(3)(C).

[105] Source − FRCP 32(a)(3)(D). Substantively identical to current ARCP 32(a)(3)(D).

[106] Source − FRCP 32(a)(3)(E). Substantively identical to current ARCP 32(a)(E).

[107] Source − FRCP 32(a)(5)(A). Substantively identical to current ARCP 32(a)(3) − last sentence. The time under current ARCP 32(a)(3) for notice of the deposition is 11 days.

[108] Source − FRCP 32(a)(5)(B). Substantively identical to current ARCP 32(a)(3) − last sentence.

[109] Source − FRCP 32(a)(6). Substantively identical to current ARCP 32(a)(4).

[110] Source − FRCP 32(a)(7). Substantively identical to current ARCP 32(a)(4).

[111] Source − FRCP 32(a)(8). Substantively identical to current ARCP 32(a)(4).

[112] Source − FRCP 32(b). Substantively identical to current ARCP 32(b).

[113] Source − FRCP 32(c). Note − Although this provision is substantially identical to current ARCP 32(c) there are some differences in language.

[114] Source − FRCP 32(d). Although the ARCP 32(d)(1) heading to this subsection is "Effect of Errors and Irregularities in Depositions," the material in the subsection is substantively identical to the corresponding federal rule.

[115] Source − FRCP 32(d)(1). Substantively identical to current ARCP 32(d)(1).

[116] Source − FRCP 32(d)(2)(A). Substantively identical to current ARCP 32(d)(2)(A).

[117] Source − FRCP 32(d)(B). Substantively identical to current ARCP 32(d)(2)(B).

[118] Source − FRCP 32(d)(3)(A). Substantively identical to current ARCP 32(d)(3)(A).

[119] Source − FRCP 32(d)(3)(B)(i). Substantively identical to current ARCP 32(d)(3)(B).

[120] Source − FRCP 32(d)(3)(B)(ii). Substantively identical to current ARCP 32(d)(3)(B).

[121] Source − FRCP 32(d)(3)(C). Substantively identical to current ARCP 32(d)(3)(C). The time for waiver of an objection to the form of a recross-question under ARCP 32(d)(3)(C) is 5 days.

[122] Source − FRCP 32(d)(4). Substantively identical to current ARCP 32(d)(4).

[123] ARCP 33(a) – second sentence.

[124] Sources – FRCP 33(a)(1). However, the federal rule limits the number of interrogatories without leave of court to 25. There is no corresponding Arkansas provision.

[125] Source – There is no provision in FRCP 33(a)(1) specifically imposing a limitation on the number of interrogatories in domestic relations cases. There is no corresponding Arkansas rule provision.

[126] Source – FRCP 33(a)(1). There is no corresponding Arkansas rule provision.

[127] Source – FRCP 33(a)(2). Substantively identical to current ARCP 33(c).
[128] Source – FRCP 33(b)(1)(A). Substantively identical to current ARCP 33(a).

[129] Source – FRCP 33(b)(1)(B). Substantively identical to current ARCP 33(a).

[130] Source – FRCP 33(b)(2). Substantively identical to current ARCP 33(b)(3). The phrase beginning "except that a defendant . . . ." is not part of the federal rule.

[131] Source – FRCP 33(b)(3). Substantively identical to current ARCP 33(b)(1).

[132] Source – Current ARCP 33(b)(1). This provision is not part of FRCP 33.

[133] Source – Current ARCP 33(b)(2). This provision is not part of FRCP 33.

[134] Sources – FRCP 33(b)(4); ARCP 33(b)(1).

[135] This sentence is not part of the federal or Arkansas rules of civil procedure.

[136] Source – FRCP 33(b)(4). Substantively identical to current ARCP 33(b)(4).

[137] Source – FRCP 33(b)(5). Substantively identical to current ARCP 33(b)(2).

[138] Source – FRCP 33(c). Substantively identical to current ARCP 33(c).

[139] Source – FRCP 33(d). Substantively identical to current ARCP 33(d). The phrase, "including electronically stored information," is not part of ARCP 33(d) but is part of FRCP 34(d).

[140] Source – FRCP 33(d)(1). Substantively identical to current ARCP 33(d).

[141] Source – FRCP 33(d)(2). Substantively identical to current ARCP 33(d).
[142] Source – FRCP 34(a). Substantively identical to current ARCP 34(a) – the clause "within the scope of Rule 26(b)" is not part of ARCP 34(a).

[143] Source – FRCP 34(a)(1)(A). Substantively identical to current ARCP 34(a).

[144] Source – FRCP 34(a)(1)(B). Substantively identical to current ARCP 34(a).

[145] Source – FRCP 34(a)(2). Substantively identical to current ARCP 34(a).

[146] Source – FRCP 34(b)(1)(A). Substantively identical to current ARCP 34(b)(1).

[147] Source – FRCP 34(b)(1)(B). Substantively identical to current ARCP 34(b)(1).

[148] Source – FRCP 34(b)(1)(C). This provision is not part of current ARCP 34.

[149] Source – ARCP 34(b)(2). *See also* FRCP 34(b)(2)(A).

[150] Source – FRCP 34(b)(2)(B). Substantively identical to current ARCP 34(b)(2). The second sentence of this provision is not part of the federal rule.

[151] Source – FRCP 34(b)(2)(B). The last two sentences of this provision are not part of ARCP 34.

[152] Source – FRCP 34(b)(2)(C). Substantively identical to current ARCP 34(b)(2).

[153] Source – FRCP 34(b)(2)(D). This provision is not part of ARCP 34.

[154] Source – FRCP 34(b)(1)(E). The part of this provision regarding "electronically stored information" is not part of ARCP 34.

[155] Source – FRCP 34(b)(1)(E)(i). Substantively identical to current ARCP 34(b)(3)(A) & (B) – ARCP 34(b)(3)(B) continues after "kept in the usual course of business" – "if the party seeking discovery can identify the relevant records as readily as can the party who produces the documents." That phrase is not included in this provision.

[156] Source – FRCP 34(b)(1)(E)(ii). This provision is not part of ARCP 34.

[157] Source – FRCP 34(b)(1)(E)(iii). This provision is not part of ARCP 34.

[158] Source – ARCP 34(c). *See also* FRCP 34(c).

[159] Source - FRCP 35(a)(1) and ARCP 35(a). Somewhat different terminology is used in the federal rule to designate the persons who are to conduct the examinations – in FRCP 35(a)(1) the examinations are to be conducted by a "suitably licensed or certified examiner."

[160] Source – FRCP 35(a)(2)(A). Substantively identical to current ARCP 35(a).

[161] Source – FRCP 35(a)(2)(B). Substantively identical to current ARCP 35(a).

[162] Source – FRCP 35(b)(1). Substantively identical to current ARCP 35(b)(1).

[163] Source – Current ARCP 35(b)(1). *See also* FRCP 35(b)(2).

[164] Source – Current ARCP 35(b)(1). *See also* FRCP 35(b)(3).

[165] Source – FRCP 35(b)(5). Substantively identical to current ARCP 35(b)(1).

[166] Source – FRCP 35(B)(4). Substantively identical to current ARCP 35(b)(2).

[167] Source – FRCP 35(b)(6). Substantively identical to current ARCP 35(b)(3).

[168] In 1990 this provision was added to the ARCP 35 after considerable debate and deliberation. There is no corresponding federal rule provision to ARCP 35(c).

[169] Source  Current ARCP 34(c)(1). There is no corresponding federal rule provision.

[170] Source – Current ARCP 35(c)(2). There is no corresponding federal rule provision.

[171] Source – FRCP 36(a)(1)(A). Substantively identical to current ARCP 36(a).

[172] Source – FRCP 36(a)(1)(B). Substantively identical to current ARCP 36(a).

[173] Source – FRCP 36(a)(2). Substantively identical to current ARCP 36(a).

[174] Source – FRCP 36(a)(3). Substantively identical to current ARCP 36(a). Filing the answer or objection is not required under the federal rule, and the second and third sentences of this provision are not part of the federal rule.

[175] Source – FRCP 36(a)(4). Substantively identical to current ARCP 36(a).

[176] Source – Current ARCP 36(a). This provision is not part of the federal rule.

[177] Source – Current ARCP 36(a). This provision is not part of the federal rule.

[178] Source – Current ARCP 36(a). This provision is not part of the federal rule.

[179] Source – FRCP 36(a)(5). Substantively identical to current ARCP 36(a).

[180] Source – FRCP 36(a)(6). Substantively identical to current ARCP 36(a).

[181] Source – FRCP 36(b). Substantively identical to current ARCP 36(b).

[182] Source – ARCP 36(c). This provision is not part of FRCP 36.

[183] Source – FRCP 37(a)(1). Substantively identical to current ARCP 37(a). The words "Make Disclosures" are added to the title consistent with the addition of disclosure provisions to proposed ARCP 26(a).

[184] Source – FRCP 37(a)(1). Substantively identical to current ARCP 37(a) – "disclosure" added consistent with the addition of disclosure provisions to proposed ARCP 26(a).

[185] Source – FRCP 37(a)(1). Substantively identical to current ARCP 37(a)(2).

[186] Source – FRCP 37(a)(2). Substantively identical to current ARCP 37(a)(1). In current ARCP 37(a)(1) after the word "pending" the sentence continues – "or, on matters relating to a deposition, to the court in the place where the deposition is being taken." The clause is not part of the federal rule.

[187] Source – FRCP 37(a)(2). Substantively identical to current ARCP 37(a)(1).

[188] Source – FRCP 37(a)(3)(A). This provision regarding compelling disclosures would be new but complements proposed ARCP 26(a) in regard to the disclosure requirement.

[189] Source – FRCP 37(a)(3)(B). Substantively identical to current ARCP 37(a)(2). The word "production" is not part of current ARCP 37(a)(2).

[190] Source – FRCP 37(a)(3)(B)(i). Substantively identical to current ARCP 37(a)(2).

[191] Source – FRCP 37(a)(3)(B)(ii). Substantively identical to current ARCP 37(a)(2).

[192] Source – FRCP 37(a)(3)(B)(iii). Substantively identical to current ARCP 37(a)(2).

[193] Source – FRCP 37(a)(3)(B)(iv). Substantively identical to current ARCP 37(a)(2). Current ARCP 37(a)(2) does not address "production of documents."

[194] Source – Current ARCP 37(a)(2). There is no comparable FRCP provision. As is indicated by the cross reference, current ARCP 37(a)(2) is a companion provision to current ARCP 35(c). Both provisions relate to providing medical authorizations and were added to the Arkansas rules in 1997 following extensive debate and consideration by the Committee on Civil Practice and the Arkansas Supreme Court.

[195] Source – FRCP 37(a)(3)(C). Substantively identical to current ARCP 37(a)(2).

[196] Source – FRCP 37(a)(4). Substantively identical to current ARCP 37(a)(3). The word "disclosure" is added consistent with the addition of disclosure provisions to proposed ARCP 26(a).

[197] Source – FRCP 37(a)(5). The title of the corresponding current ARCP section – 37(a)(4) is: "Expenses and Sanctions." The federal rule title is thought to be more descriptive of the material in this subsection.

[198] Source – FRCP 37(a)(5)(A). This first sentence of subpart 37(a)(5)(A) is substantively identical to current ARCP 37(a)(4)(A).

[199] Source – FRCP 37(a)(5)(A). The corresponding clause in current ARCP 37(a)(4)(A) provides that the court shall require payment of the moving party's expenses "unless the court finds that . . . ." Although the language & syntax is different between the clauses in the two rules, the effect is that they are substantively identical.

[200] Source – FRCP 37(a)(5(A)(i). Substantively identical to current ARCP 37(a)(4)(A).

[201] Source – FRCP 37(a)(5)(A)(ii). Substantively identical to current ARCP 37(a)(4)(A).

[202] Source – FRCP 37(a)(5)(A)(iii). Substantively identical to current ARCP 37(a)(4)(A).

[203] Source – FRCP 37(a)(5)(B). Substantively identical to current ARCP 37(a)(4)(B).

[204] Source – FRCP37(b)(5)(C). Substantively identical to current ARCP 37(a)(4)(C). Current ARCP(a)(4)(C) adds at the end of the sentence – "among the parties and persons in a just manner."

[205] Source – FRCP 37(b)(1). Substantively identical to current ARCP 37(b)(1).

[206] Source – FRCP 37(b)(2)(A). Substantively identical to current ARCP 37(b)(2).

[207] Source – FRCP 37(b)(2)(A)(i). Substantively identical to current ARCP 37(b)(2)(A).

[208] Source – FRCP 37(b)(2)(A)(ii). Substantively identical to current ARCP 37(b)(2)(B).

[209] Source – FRCP 37(b)(2)(A)(iii). Substantively identical to current ARCP 37(b)(2)(C).

[210] Source – FRCP 37(b)(2)(A)(iv). Substantively identical to current ARCP 37(b)(2)(C).

[211] Source – FRCP 37(b)(2)(A)(v). Substantively identical to current ARCP 37(b)(2)(C).

[212] Source – FRCP 37(b)(2)(A)(vi). Substantively identical to current ARCP 37(b)(2)(C).

[213] Source – FRCP 37(b)(2)(A)(vii). Substantively identical to current ARCP 37(b)(2)(D).

[214] Source – FRCP 37(b)(2)(B).  Substantively identical to current ARCP 37(b)(2)(E).

[215] Source – FRCP 37(b)(2)(C). Substantively identical to current ARCP 37(b)(2)(E). The "Rule 26(a) [required disclosures] or 26(e) [supplementing disclosures and responses]" is added to ARCP 37(b)(2)(E) consistent with the addition of disclosure provisions to proposed ARCP 26(a).

[216] Source – FRCP 37(c). Substantively identical to current ARCP 37(e). "Failure to Disclose" is added to the title of this subsection and to subsection (c)(1) consistent with the addition of disclosure provisions to proposed ARCP 26(a).

[217] Source – Subsections (A) and (B) of proposed ARCP 37(c)(1) are drawn from current ARCP 37(e). *See also* FRCP 37(c)(1)(A) & (B). The material in brackets in the text in (c)(1), above, following "Rule 26(a)" & "26(e)" is added to help clarify the cross reference to those rules.

[218] Source – Proposed ARCP 37(c)(2) is drawn from current ARCP 37(c). *Compare* FRCP 37(c)(2).

[219] Source – FRCP 37(d). Substantively identical to current ARCP 37(d).

[220] Source – FRCP 37(d). Substantively identical to current ARCP 37(d).

[221] Source – FRCP 37(d)(1)(A)(i). Substantively identical to current ARCP 37(d)(1).

[222] Source – FRCP 37(d)(1)(A)(ii). Substantively identical to current ARCP 37(d)(2) & (3).

[223] Source – FRCP 37(d)(2). Substantively identical to current ARCP 37(d)(3) – second sentence. – last sentence.

[224] Source – FRCP 37(d)(2). Substantively identical to current ARCP 37(d)(3) – last sentence.

[225] Source – FRCP 37(d)(3). Substantively identical to current ARCP 37(d) – first paragraph, last sentence.

[226] Source – FRCP 37(e)(1). There is no current corresponding Arkansas rule provision.

[227] Source – FRCP 37(e)(2)(A). There is no current corresponding Arkansas rule provision.

[228] Source – FRCP 37(e)(2)(B). There is no current corresponding Arkansas rule provision.

[229] Source – FRCP 37(2)(C). There is no current corresponding Arkansas rule provision.
[230] Source – Current ARCP 45(a).

[231] Source – Current ARCP 45(a). Current ARCP 10(a) - applying to the form of pleadings - (not directly subpoenas) requires that pleadings "set forth," among other items, the title of the action and the file number (to be amended to "case number"). Since current ARCP 45(a) requires that a subpoena "state the title of the action" but does not specifically require that the file number (case number) be stated, the "case number" is added to the subpoena requirements.

[232] Source – Current ARCP 45(a)(i), (ii) & (iii) & FRCP 45(a)(1)(iii). This provision is primarily from FRCP 45(a)(1)(A)(iii). The "one or more of: phrase was added to the proposed ARCP 45 for purposes of clarity.

[233] Source – FRCP 45 (a)(1)(A)(iv). This provision is not part of current ARCP 45.

[234] Source – FRCP 45(a)(1)(C). Note - This provision is not in current ARCP 45.
[235] Source – Substantively identical to ARCP 45(b)(1).

[236] Source – FRCP 45(a)(1)(c) - This provision is not part of current ARCP 45.

[237] Source – FRCP 45(a)(1)(D). This provision is not part of current ARCP 45. In addition, current ARCP 45 does not specifically cover testing & sampling.

[238] Source – Current ARCP 45(d) & (e).

[239] Sources – Current ARCP 45(a) – "by the clerk . . . under seal;" Current ARCP 45(a), last sentence – "attorney admitted to practice," etc.; Current ARCP 45 (d) & (e).

[240] Note – Added to clarify that Rules 26(b)(1) - "scope of discovery" & 26(c) - "protective orders" apply to subpoenas.

[241] Source – Current ARCP 45(d).

[242] Source – Current ARCP 45(d). Since expressing the number of days both by spelling & numbers is unnecessary, potentially confusing and a potential for error if the number of days is revised, numbers have been eliminated from this provision.

[243] Source – Current ARCP 45(d) – The phrase -"witness fee calculated at the rate of" has been deleted from the rule as unnecessary.

[244] Source – Current ARCP 45(e)(1).

[245] Source - Current ARCP 45(e)(1).
[246] Source – Current ARCP 45(e)(3).

[247] Source – Current ARCP 45(b)(1).

[248] Source – Current ARCP 45(b)(2).

[249] Source – Current ARCP 45(b)(3).

[250] Source – Current ARCP 45(b)(3).

[251] Source – Current ARCP 45(c).

[252] Source – Current ARCP 45(b)(1).

[253] Source – Current ARCP 45(b)(1).

[254] Source – Current ARCP 45(c).

[255] Source – FRCP 45(d). Subsection (f) is, with a few exceptions noted in the material, taken without change from FRCP 45(d). The material covered by FRCP 45(d) is - again with a few exceptions - not covered by current ARCP 45.

[256] Source – FRCP 45(d)(1).

[257] Source – FRCP 45(d)(2) & also implicit in current ARCP 45(b)(1).

[258] Source – FRCP 45(d)(3)(A).

[259] Source – FRCP 45(d)(B).

[260] Source – FRCP 45(e). Subsection (g) is, with a few exceptions noted in the material, taken without change from FRCP 45(e). The material covered by FRCP 45(e) is – again with a few exceptions – not covered by Current ARCP 45.

[261] Source – FRCP 45(e)(1)(A).

[262] Source – FRCP 45(e)(1)(B).

[263] Source – FRCP 45(e)(1)(C).

[264] Source – FRCP 45(e)(1)(D).

[265] Source – FRCP 45(e)(2)(A).

[266] Source – FRCP 45(e)(2)(B).

[267] Source – Current ARCP 45(f).

[268] Although new to ARCP 45, this provision is part of current ARCP 34(c) and proposed ARCP 34(c). *See also* FRCP 34(c).